SPRECKER *vs.* WAKELEY, et. al.

ERROR TO CIRCUIT COURT, DANE COUNTY.

Heard February 15.]                    [Decided.June 19, 1860.

## *Taxes—Limitation—Ejectment.*

In an action of ejectment, a tax deed may be offered in evidence either as a link in establishing title, or in connection with proof of possession, to show that the party is entitled to the protection afforded by the statute of limitations.

An action for the recovery of lands sold for taxes, must be commenced within three years from the recording of the deed.

A party seeking the protection of the statute of limitations, need not first show that the lands had been in fact forfeited for taxes, and that all the conditions necessary to authorize the officers to sell the lands for taxes had been fully complied with.

While a party was in possession of lands under a tax deed the statute of limitation expired, and an action for the recovery of the same became barred; no subsequent statute can renew the right to commence the action; such a statute of limitations does not affect the remedy merely, it directly destroys the right enabling the original owner to assert title to the land, against a party whose title, by statute and lapse of time, had become final and conclusive.

This was an action of ejectment commenced in the circuit court of Dane, by Wakeley & Tenney against Sprecker & Seckler, to recover the possession of a lot in Madison. The plaintiffs claimed by deeds from the original patentees; and the defendants set up as a defence a deed made by the Territory of Wisconsin, dated 9th of April, 1847, to G. P. Delaplaine, for the taxes of 1844, and recorded the same day; and by deeds from Delaplaine to the defendants; also possession of the defendants under the deeds since 1851. The

circuit court ruled out the tax deed, and the evidence of possession under it, and the defendants excepted. The verdict was for the plaintiffs; and from the judgment rendered thereon, the defendants sued out a writ of error.

*Wakeley & Tenney* for the defendants in error.

*Ainsworth & Baltzell* for the plaintiffs in error, after having urged that the suit was barred by the laws of 1844, 22, § 12, also by the Rev. Stat., 1849, chap. 15, § 123, unless the suit for the recovery had been commenced within three years from the 9th of April, 1847, the day when the tax deed was recorded, further contended and said ; but we understand the plaintiffs below to claim the right to maintain this suit under the act of April 8, 1859, chap. 197, which declares that an action may be commenced to recover the possession of land which had been sold and deeded for non-payment of taxes, within three years from the passage of that act.

We think this position cannot be maintained. We understand the law to be, that if the time limited for commencing a suit expires while the statute is in force and before the suit is brought, the right to bring the suit is barred, and no subsequent statute can renew that right. *McKenney vs. Springer*, 8 Black., 506 ; *Stipp vs. Brown*, 2 Carter, 647 ; *Wier & Peck vs. Farr*, 25 Vt. R., 41 ; *Davis vs. Minor*, 1 How. Miss., 183.

It is an error to suppose that a statute of limitations affects the remedy only. It vests the property in the possessor when it has prevented the former owner from recovering it, in consequence of a continued adverse possession. *Broh vs. Jenkins*, 2 La Con. Rep., 20.

The statute of limitations is not only a bar to the remedy, but it takes away the legal right. *Stanley vs. Earl*, 5 Littell., 281; *Stokes vs. Berry* 2 Salk., 421; *Atkins vs. Hord*, 1 Burr., 119, (69); *Thompson vs. Caldwell*, 3 Littell, 136; *Brent vs. Chapman*, 5 Cranch, 358; *Bradstreet vs. Huntington*, 5 Peters, 402; *Pedderick vs. Searle*, 5 Serg. & R., 240; *Jackson vs. Deffendorf*, 3 John., 267 ; *Hanna vs. Renfro, et al.*, 32 Miss., 126.

If the statute of limitations does take away the legal right, or does ripen a possession into a title, as decided in the foregoing cases, then it requires no argument to show that subsequent legislation cannot restore the right thus lost, or disturb the title thus acquired. Property cannot, by a mere act of the legislature, be taken from one man and vested in another

directly; nor can it, by the retrospective operation of law, be indirectly transferred from one to another, or be subjected to the government of principles in a court of justice which must necessarily produce that effect. *Webster vs. Cooper*, 14 How., 489; *Kenebeck vs Laboree*, 2 Greenleaf, 275; *Preston vs. Drew*, 24 Me., 520; *Plumb vs. Sawyer*, 21 Conn., 351.

*Wakeley & Tenney*, for the defendants in error.

It is claimed by the plaintiff in error that the law of 1859 is unconstitutional. That law impairs the obligation of no contract. It merely removes all obstruction to the bringing of an action. It is an enabling statute, and does away with a disability. It takes no right from the defendant. It merely relates to the evidence, and does not even throw the burden of proof upon the claimant under a tax title. It does not even give a different effect to lapse of time, but merely makes that time different. There is nothing in the nature of a grant about the repealed limitation law, especially as to lands not lawfully acquired by the territory. It relates only to the remedy as between two parties contesting title.

In the case of *Edgerton vs. Bird*, this court decided that the former limitation law, enacted for the first time, in 1844, applied to a tax deed executed in 1840. If constitutional to change the law of the contract by engrafting a limitation upon it, it is equally constitutional to change the law of a contract by taking away the limitation.

The statute of limitations in force at the time of entering into a contract, forms no part of that contract. 3 Story on Const. Law, 248–9.

In *Holden vs. James*, 11 Mass., 396, a law suspending the statute of limitations, in a class of cases, but not in a particular case, was declared to be within the power of the legislature. In *Smith vs. Morrison*, 22 Pick., 430, the court seemed clearly of the same opinion, although they hold that the case under consideration was not intended to be covered by the law. These cases are cited by Sedgwick, Constitutional and Statute Law, with approbation, and as sustaining the precise principle contained in the law of 1859. Laws have also been sustained extending the time to appeal, after it had expired, *Dean vs. Dean*, 2 Mass., 150, reviving an obsolete insolvent law, and releasing a debtor from his prison bonds, *Mason vs. Haile*, 12 Wheat., 370; taking away the benefit of a grant to a bridge company, by authorizing the erection of a free bridge, by another company, *Charles River Bridge vs. War-*

*ren Bridge*, 11 Pet., 420; changing an estate creating a tenancy in common into a joint tenancy, thus interfering with the vested rights of inheritance, *Burghart vs. Turner*, 12 Pick., 534; making contracts which were void in their inception for usury, valid and effectual to secure the principal sum loaned, *Andrews vs. Russell*, 7 Black., 474; setting aside a decree disapproving a will, and ordering a new trial, whereby the heirs were finally dispossessed, and the devisees instated *Calder vs. Bull*, 3 Dal., 386; establishing the relation of landlord and tenant, where, by the terms of their several estates, it could not exist, *Saterlee vs. Mathewson*, 2 Pet., 380, the court in that case saying there is nothing in the constitution of the United States, which prohibits the passage of a law that divests vested rights, or makes a void contract binding; a law confirming a void sale of real estate by an administrator, thus divesting the heirs, *Wilkinson vs. Leland*, 2 Pet., 627; the court in that case say, " It is not sufficient to show that the estate so vested has been divested, but that it has been divested in a manner inconsistent with the principles of law, and that giving validity to a deed otherwise void, was no objection;" a law cutting off a party from the right to recover the full amount of a bond, the breach of which had occurred before its passage, *Oriental Bank vs. Freeze*, 18 Me., 109; changing one statute of limitation for another, on the ground that it was an unobjectionable interference with the remedy, *Crebor vs. Mason*, 23 Me., 413; changing liens already acquired under a mechanics' lien law, so as to cover only the interest of the person in possession, instead of the fee on the ground, that as a remedy, it could be modified or repealed, *Evans vs. Montgomery*, 4 W. & S., 218; suspending sale on execution for a year, unless property should bring two-thirds of its appraised value, distinguishing the case from that of *McCracken vs. Hayward*, 2 How., 608, because the law suspended, without taking away the creditors' right to sell, *Chadwick vs. Moore*, 8 W. & S., 49; opening a judgment and letting in a plea of payment, *Bracken vs. Brownfield*, 2 W. &. S, 271, in which case the court say, it would be difficult to say that a law granting a remedy to a party, by referring a cause to another decision, or enabling him to sustain an action where he could not before sustain one, or removing an impediment in his way, to a hearing or conferring process, or ratifying imperfect acts, &c., where the rights of a party would otherwise be lost, is a violation of the constitution."

A law suspending the statute of limitation for a time, *Johns vs. Lane*, 3 Har., & McH., 398; repealing the law allowing administrators to sell the lands of their intestates, *Hamilton vs. Dudley*, 2 Pet., 492; sustaining a law curing defective acknowledgments of deeds, *Watson vs. Mercer*, 8 Pet., 210; see also 1 Hill, 324.

*By the Court,* COLE, J.   This was an action of ejectment commenced in the circuit court of Dane county by the defendants in error, to recover the possession of a certain lot in the city of Madison.   After the plaintiffs below had closed the case on their part, the defendants below, and plaintiffs in error, offered in evidence a tax deed from the Territory of Wisconsin, to George P. Delaplaine, bearing date on the 9th day of April, 1847, and recorded on that day, which deed was objected to and ruled out by the circuit court, and an exception duly taken.

The correctness of this ruling of the circuit court was the principal question discussed upon the argument, and is the only matter which we have to consider here.   If that deed was admissible for any purpose whatever, either as a necessary link in establishing the title to the property in the plaintiff in error, or to show in connection with proof of possession that they were entitled to the protection afforded by the statute of limitations, then the judgment must be reversed and a new trial ordered.

In the case of *Edgerton vs. Bird*, 6 Wis., 527, we held that by force and effect of sec. 123, chap. 15, R. S., 1849, a suit or proceeding for the recovery of lands sold for taxes, except in cases where the taxes had been paid, or the lands redeemed as provided by law, must be commenced within three years from the time of recording the tax deed of sale, and not thereafter.   This is substantially the plain, positive and express language of the statute, and must be regarded by the

courts, unless they are able to discover some principle by which they can override or disregard it. I have not been able to discover any ground upon which I could declare this provision of law void, unless I went to the extent of denying to the legislature power to pass statutes of limitations, a position which would be contrary to all the authorities. I therefore can see no satisfactory reason why this section should not be fairly construed and faithfully applied to all cases coming fully within its provision.

It has been suggested that before a party was entitled to claim the protection of this provision of law, he must proceed to show that the lands had in fact been forfeited for taxes, and that all the conditions necessary to authorize the officers to sell the lands for taxes and give the deed, had been fully complied with. But if this is the correct view of the statute, we fail to perceive any reason or object in passing it. For when the public authorities have proceeded strictly according to law in listing the lands, assessing the tax, making demand for the same at the proper time and place, advertising for non-payment of tax, &c., and have observed all the requirements of the statute up to the execution of the deed, surely the tax deed in that case must convey a good title, or our revenue laws are illusory, and the power of the government to raise the means by taxation upon the property of its citizens, necessary for its own support and action, is entirely impotent and vain. But we think a party cannot be required to show that his tax deed has been regularly obtained before he can claim the protection of this statute, since such a construction renders the law unnecessary and useless.

In the present case, in connection with the tax deed, one of the defendants offered himself as a witness, and proposed to testify that he bought the lot in controversy in March, 1851, and went into the possession thereof ; that he had been in the peaceable possession of the same since he purchased it, and

had made valuable improvements upon it, paid the taxes, &c., but the testimony was ruled out as inadmissible. Within the principle of the decision in *Edgerton vs. Bird,* the tax deed, and the proof in regard to the possession under the same were proper and competent evidence, and were sufficient to defeat the action, unless chap. 197, Sess. Laws, 1859, applies to this case, and takes it out of the rule of that decision. The second section of that act provides that "any action may be commenced by the former owner of any land, or by any person claiming under him, to recover possession of land sold and deeded for non-payment of taxes, previous to the passage of the act, or for the purpose of quieting the title, within three years after the passage of the law, and not thereafter." Now it will be borne in mind that while sec. 123, chap. 15, was in force, and before this suit was commenced, the defendants below had been in the undisturbed possession of the lot under a recorded tax deed for more than three years, and consequently the time limited by law for the recovery of the land, had expired. By the law as it then stood, the action was barred, and the defence under the statute was complete and perfect.

And now the question we have to consider is, was it competent for the legislature, by the subsequent statute of 1859, to renew the right of the former owner to bring the action, he having already effectually lost it, and deprive the opposite party of a defense, which he had secured by possession under his tax deed for the same, as required by law? On the part of the defendants in error, it is insisted that the legislature had the undoubted right to pass the law of 1859, and make it apply to a case like the present; that it is not a law impairing the obligation of a contract, but one operating upon and effecting the remedy merely; that it only removes an obstruction to the bringing of an action which had become barred, and does not deprive the plaintiff in error of any right what-

ever. While on the other hand, it is contended that if the time limited for commencing a suit expires while the statute is in force, and before the suit is brought, the right to bring the suit is barred, and no subsequent statute can renew it; that it is an error to suppose that the statute of 1859 affects the remedy merely, but that it directly destroys a right by enabling the original owner to assert a title against the plaintiffs in error, whose title by statute and lapse of time had become final and conclusive.

It appears to us that there is great force and reason in this last view of the matter. Suppose for instance, a party has been in the adverse possession of real estate under color of title for twenty years, and after his defective title has thus by prescription ripened into a perfect title in law, can the legislature repeal the statute and give the original owner the right of action to recover his land? Can a man thus be deprived of his property without his consent and without compensation? This probably will not be asserted. Wherein lies the difference between the case supposed and one, where the legislature provide, that no action for the recovery of land sold for taxes shall be commenced after three years from the time the tax deed is recorded? In each case, does not lapse of time operate upon and effect the title? The language of the statute applicable to the cases is not essentially different. It is in substance that no action for the recovery of lands, &c., shall be commenced or maintained in one case, only within three years after a certain event; and in the other, within twenty years, &c. Sec. 2, chap. 127, R. S., 1849. And if it is within the power of the legislature to destroy the effect of the statute of limitations in the one case, why may it not do it in the other? And if the title becomes vested in the one case by operation of the statute, *Gage vs. Gage,* 10 Foster, 420; *Ash vs. Ashton,* 3 W. & S., 510, is it wholly unaffected by lapse of time in the other?

Where personal property is adversely held in a state for a period beyond that prescribed by the laws of that state, and after that period has elapsed, the possessor removes into another state, which has a longer period of prescription, or is without prescription, it has been decided that the title of the possessor cannot be impugned by the original owner. *Shelby vs. Gray*, 1 Wheaton, 361. The ground of the decision undoubtedly was that the adverse possession in the one state gave a good title to the property, which was not diverted on the possessor's removal into another state. Upon this point, see also *Brent vs. Chapman*, 5 Cranch, 358; *Broh vs. Jenkins*, 2 Cond. R., Louisiana 20; *Swart vs. Bough*, 3 J. J. Marshall, 363; *Newby's Administrators vs. Blakey*, 3 Hen. & Mumford, 57. In the latter case it was held that five years adverse possession of a slave would not only protect the party, but enable him to recover in *detinue* against the person who was originally entitled to the possession.

So in *McKinney vs. Spinger*, 8 Blackf., R., 506, it was decided that if the time limited by the statute for commencing a suit upon a chose in action, expired whilst the statue was was in force, and before suit was brought, the right to bring the suit is barred, and no subsequent statute could renew the right. *Stipp et. al vs. Brown*, 2 Carter, Ind., 647; *Wires & Peck vs. Farr*, 25 Vt. R., 41. While in *Davis vs. Minor, et ux*, 1 How. Miss. R. 183, C. J. Sharkey held that a bar produced by operation of the statute of limitations to an action upon a contract was as effectual as payment or other defence; and although it was generally true that the statute only bars the remedy, and does not destroy the right, yet where the defence has been vested, no subsequent revival of the right to sue, as by repeal of the statute, or other act, without the consent of the party entitled to the defence, could take away or destroy such defence."

If by any course of reasoning it can be maintained that

where the remedy upon a contract is gone by the running of the statute, the legal right is also gone; and a right to set this lapse of time up as a defence can be said to become vested in the opposite party, so that no subsequent legislature can destroy it; *a fortiori*, should a party's interest or right in real estate which, by lapse of time, has become so valid and effectual as to defeat the original owner in an action of ejectment, be considered a *vested right*, which could not be destroyed by subsequent legislation. Had this suit been instituted and brought to trial before the passage of the law of 1859 the defence of the plaintiffs in error must have prevailed. They had been in the quiet and peaceable possession of the lot under a recorded tax deed, for more than three years before the suit was brought. The action was therefore barred. Now the legislature, by subsequent legislation, attempts to destroy this defence, to divest and take away from the plaintiffs in error the right and title in the property, which the statute of limitations had vested in them. But if we are correct in our views as to the interest the plaintiffs in error, had in the lot at the time the law of 1859 took effect, it follows that the legislature could not divest this interest by that construction.

It is to be remarked, that the owner of this lot at the time it was sold for taxes, and when the tax deed was executed, was a citizen of this state. The title was in him when that deed was put upon record, and when the plaintiffs in error went into the actual and notorious possession of the property, and made their improvements. He had every opportunity of bringing his action to recover possession of the lot before the expiration of the three years. He saw fit to wait until that time had elapsed; and until the defence to the suit, under the law as it then stood, was complete and effectual. The legislature cannot now restore to him, or those claiming under him, the rights which have been lost by negligence, while in so doing the opposite party is deprived of rights

and interests gained by vigilance and the operation of the statute of limitations. This it appears to us is destroying vested rights in the clearest manner.

An objection was taken to the tax deed, that it described the land in the *town* of Madison, without mentioning the county or state; and also, that the deed was given one day too soon. This objection we do not consider tenable. The lot appears to be described with sufficient certainty, while if any irregularity existed as to the giving of the deed, we think it is cured by the statute. *Waln vs. Shearman,* 8 S. & R., 357; *Ash vs. Ashton,* 3 W. & S., 510.

It follows from these remarks that the circuit court improperly ruled out the tax deed, and the evidence in regard to possession under it, and that there must be a *new trial.*

Judgment reversed, and a new trial ordered.