## LINDSAY and others vs. FAY.

*Possession under tax deed void on its face.*

An action cannot be maintained under sec. 128, ch. 15, R. S. 1849, by the original owner of land sold for taxes, against one who has been in possession of it for three years, claiming title in good faith under the tax deed, although the deed is void upon its face.

APPEAL from the Circuit Court for *Dodge* County. Ejectment. The plaintiffs claimed under a tax deed, executed December 13, 1844, (upon a sale made December 12, 1842, for delinquent taxes of that year), by "Wm. M. Dennis, clerk of the board of county commissioners of Dodge county, Wisconsin territory," sealed with the seal of the said board, and not with the private seal of said clerk. The granting clause of the deed was in these words: "Now, therefore, know all men by these presents, that for and in consideration of the sum of one dollar, ninety-one cents, before mentioned, and for and in consideration of the further sum of one dollar, and of the premises, that in the name of the territory of Wisconsin, I, William M. Dennis, clerk of the board of county commissioners of the county of Dodge, Wisconsin territory, by virtue of authority in me vested by an act entitled 'An act concerning the duties of clerks of boards of county commissioners,' approved January 13, 1840, and in pursuance of law, and of the premises, do, by these presents, grant, bargain, sell, convey," etc. In connection with this deed, plaintiffs offered to prove that the grantee took actual possession of the premises, upon the deed being recorded, and remained in the undisturbed possession for more than three years. The defendant objected to the reception of the evidence, on the ground that the deed was void on its face; but the objection was overruled.

Verdict and judgment for the plaintiffs; and the defendant appealed.

*E. P. Smith* and *A. Scott Sloan*, for appellant, argued that the tax deed was invalid on its face: (1) Because it was not sealed with the *private* seal of the clerk. Blackwell on Tax Titles, 433, 434; *Eaton v. North*, 20 Wis. 450; *Sturtevant v. Mather*, id. 576; Terr. Stat. p. 49, § 23. (2) Because the grantor therein is not the territory of Wisconsin, but Wm. M. Dennis. Terr. Stat. p. 49, § 23; *Edgerton v. Bird*, 6 Wis. 527. 2. They contended that the concluding remark in *Edgerton v. Bird*, 6 Wis. 527, as to the effect of three years' possession under a tax deed void on its face, was *obiter dictum*, not being necessary to the decision of that case; and that it had been virtually overruled by subsequent decisions of this court; citing *Lain v. Shepardson*, 18 Wis. 63; *Gunnison v. Hœhne*, id. 268; *Dean v. Early*, 15 id. 100; *Parish v. Eager*, id. 532; *State ex rel. White v. Winn*, 19 id. 304; *Knox v. Cleveland*, 13 id. 250. A tax deed void on its face gives no rights to the holder. *Moore v. Brown*, 11 How. (U. S.) 414; Blackwell on T. T. 67. When the statute forbids the maintenance of an action, unless brought within three years from the "recording of the tax deed," it does not mean a void deed. A void deed is as no deed. When such a deed is recorded, nothing is recorded known to the law. A *mandamus* would not lie to compel the register to record such an instrument. It is good for nothing unless recorded; it cannot be recorded if void. The argument that would make it good in three years must treat it as having validity enough to compel its record.

*Stark & McMullen*, for respondents, cited Terr. Stat. 1839, p. 49, § 23; Laws of 1840, chaps. 30 and 59; Laws of 1842, p. 22, § 12; *Edgerton v. Bird*, 6 Wis. 527; *Falkner v. Dorman*, 7 id. 388; *Sprecker v. Wakeley*, 11 id. 432; *Hill v. Kricke*, id. 442; *Knox v. Cleveland*, 13 id. 245; *Dean v. Early*, 15 id. 100; *Parish v. Eager*, id. 532; *Whitney v. Marshall*, 17 id. 174; *Smith v. Cleveland*, id. 556; *Gunnison v. Hœhne*, 18 id. 268;

*Swain v. Comstock*, id. 464; *Leffingwell v. Warren*, 2 Black, 599.

DIXON, C. J. The only question in this case is, whether the party in possession of land, claiming title in good faith under a tax deed void on its face, can, after the lapse of three years from the time of his entry, be protected under the statute prescribing that limitation next after the recording of the tax deed for the commencement of any suit to recover such land. This case arises under the statute of 1849 (R. S. 1849, ch. 15, §.123), and the question involved is identical with that presented and decided in *Edgerton v. Bird*, 6 Wis. 527, 528, and which decision was subsequently followed in *Sprecker v. Wakeley*, 11 Wis. 432, where the tax deed in question was also void on its face by reason of its having been given *one day too soon*. And yet, notwithstanding those decisions, the question has of late years been often raised in this court, as if it were still an open one; and now this case comes up, and most elaborate printed arguments have been submitted on the same supposition. It is certainly time the question was put at rest, and an end had of argument upon it. Aside from the considerations generally prevailing to induce an adherence to past decisions and settled points, the question here is one to which the doctrine of *stare decisis* applies with somewhat peculiar force. It is certainly better that almost any question should be settled, if even upon doubtful principles, than that it should not be settled at all. But here the matter is one of very considerable importance in the administration of public affairs; it concerns the title to land, and has, undoubtedly, become a rule of property in very numerous instances. The decisions referred to have never been overruled or shaken by any since made; and to disturb them now can only be justified upon reasons the most clear and satisfactory, showing them to have been

erroneous.  We are not prepared to give such reasons, and we think the learned counsel have failed to do so. We are unable, for example, to perceive why, as against the party in possession claiming title in good faith, any distinction should be taken between a fact appearing on the face of the deed, which avoids the title, and a fact existing outside of the deed, which has the same effect, and of which the purchaser is equally bound to take notice.  No good cause can be assigned for discriminating in such case between facts appearing on the face of the deed and the same or other facts appearing elsewhere on the face of the recorded proceedings for the levy and collection of the tax ; and the statute contains no language showing, or tending to show, that the legislature intended so to discriminate.  And yet such is the effect of the argument pressed upon us.  The title of the purchaser who has entered upon, cultivated and improved the land in good faith would be avoided if the defect were shown by the deed itself, but not if it otherwise publicly appeared by the written proceedings for the assessment and collection of the tax.  All facts appearing of record, and essential to the validity of his title, or constituting the defect, are presumptively within the knowledge of the purchaser, as much as if they appeared on the face of his deed ; and yet, in the former case, if he makes a mistake and proceeds in good faith, believing he has acquired a valid title, when he has not, he shall be protected, but in the latter case he shall not.

The statute imposing the limitation makes no reference to the form of the deed.  It does not say a tax deed *valid on its face*.  For all that appears, it is in entire harmony with the intention of the legislature, that the deed should be such, and such only, as should create a belief in the mind of the purchaser, a person not skilled in the learning and technicalities of the law, that he had acquired a good title — that it should be executed by

the officer authorized by law, be signed, sealed; acknowledged and witnessed according to the usual form for the conveyance of land, and purport, by apt and proper words on its face, to convey the land, notwithstanding it might be technically insufficient for that purpose. We say there is nothing in the statute inconsistent with such intention on the part of the legislature, and such construction having once been given to it by this court, with respect to a purchaser in possession claiming title in good faith, we are not now inclined to depart from the rule so laid down. And we are inclined to say furthermore, that that rule seems to be supported by the greater weight of reason and authority. The decision in *Moore v. Brown*, 11 How. (U. S.) 414, which is the case principally relied upon by the counsel for the defendants, was by a divided court. Mr. Chief Justice TANEY and Justices CATRON and GRIER dissented. The strength of a decision, and the respect due to it, are not always to be tested by the numerical majority. It is a common remark among the profession, that dissenting opinions often contain the better law. The opinion of Mr. Chief Justice TANEY in that case is, in our judgment, a most clear and unanswerable refutation of the reasoning of the majority of the court.

But again it is said, that the fact of possession and claim of title in good faith, under the tax deed, does not enter into or constitute an element in the limitation prescribed by the statute ; and that cases of this kind, where the deed is invalid on its face, are provided for by another statute, which prescribes a limitation of ten years. This, in my judgment, is the point of greatest difficulty. The statute is silent upon the question of possession and *bona fide* claim of title under color of a tax deed ; and if it is extended to cases of this nature, it must be by the spirit of it, and by analogy to the provisions of the other statute, and not because such cases are within the letter of it. The reasonableness of

such extension, or the propriety of the legislature having so enacted, will be at once acknowledged by all.   No one will say of two purchasers at a tax sale, the one by a deed defective on its face, yet sufficient to give color of title, and the other by deed valid on its face, yet in fact insufficient by reason of defects apparent elsewhere on the face of the tax proceedings, that the former, taking actual possession and holding and improving the land in good faith, as his own, for the space of three years, should be afterward ousted, while the latter, even though he may not have taken possession at all, but have suffered the land to lie vacant, should have a good and perfect title.   If any such effect were to be given to the statute, it would seem morally certain that the legislature never could have intended it.   The case is one, therefore, which appeals very strongly for the equitable construction which the statute has already received ; and, inasmuch as it has once been so construed by the decision of this court, I think the doctrine of *stare decisis* of more than sufficient weight to overcome any doubts or objections which can now be raised against it, and that there should be an end of the controversy by the affirmance of the judgment here appealed from.

*By the Court.* — Judgment affirmed.