### Thomas W. Waterson v. Mathias Devoe.

1. Tax Deed; *Assignment of Certificate; When Deed Void on its Face.* A tax deed, which shows that the land intended to be conveyed thereby was sold to the county for delinquent taxes on May 5th 1863, and that the county treasurer, on the 10th day of February 1865, assigned the tax-sale certificate to the person to whom, on May 11th 1865, the deed was executed, is void upon its face.

2. Limitation of Action on Tax Deed; *Possession, and Color of Title.* The fact of possession, and claim of color of title in good faith under a tax deed, does not enter into, or constitute an element in the limitation prescribed by section 11 of the tax-law of 1862, or by subdivision third of section 16 of the civil code of 1868, to the effect that "an action for the recovery of real property sold for taxes can only be commenced within two years after the date of the recording of the deed."

3. ———— *When Deed Void on its Face.* The statute of limitation prescribed by said section 11, (page 879, Comp. Laws 1862,) or by said subdivision third, (Gen. Stat. 1868, page 633,) will not run in favor of a tax deed, void upon its face, even when the land intended to be conveyed by the tax deed has been in the actual, open and notorious possession of the holder of the void tax deed for two years after the date of the recording of such deed.

4. Taxes on Mortgaged Premises; *Mortgagee, not Bound to Pay, or Redeem.* A mortgagee, not in the possession of real estate, is under no

| 18 | 223 |
|----|-----|
| 43 | 214 |
| 18 | 223 |
| 55 | 479 |
| 18 | 223 |
| 58 | 516 |
| 18 | 223 |
| 62 | 845 |
| 18 | 223 |
| 66 | 222 |
| 18 | 223 |
| e71 | 322 |
| 18 | 223 |
| 77 | 431 |

obligation to pay the taxes on the mortgaged premises. Under section 135 of the tax-law of 1868, (Gen. Stat. 1062,) if the mortgagor failed or neglected to pay the taxes, or permitted the land mortgaged to be sold for taxes, the mortgagee could pay the taxes, or redeem the land sold, and the taxes so paid were a lien on the mortgaged property until paid back; but this section does not render it the duty of the mortgagee to pay the taxes, nor to redeem the land from tax sale.

5. ———— The mere relation of mortgagee, will not prevent the person so related from acquiring title to the mortgaged premises by purchase at a tax sale.

6. PRACTICE, SUPREME COURT; *Party Complaining of Error, Must Bring his Separate Action to Obtain Review.* Where a party brings an action in the supreme court to have a judgment of the district court reviewed, and upon the hearing the alleged errors are held insufficient to reverse or modify the judgment, this court will not examine any errors in the judgment below, at the instance of the defendant in error, when such defendant has made no motion for a new trial, and has brought no separate action to have those errors corrected, or the judgment reversed.

*Error from Marshall District Court.*

EJECTMENT, for the E. ½ of N.E. ¼, the N.W. ¼ of N.E. ¼, and N.E. ¼ of S.E. ¼ of section 30, township 2, range 7—160 acres of land lying in Marshall county. *Devoe,* plaintiff, claimed as patentee. Defendant *Waterson* claimed under a tax deed issued to him and duly recorded in 1865, for taxes assessed in 1862. Action commenced in the spring of 1874. Second trial at November Term 1874, and judgment in favor of plaintiff. Defendant *Waterson* brings the case here on error.

*J. D. Brumbaugh,* for plaintiff in error.

*A. E. Park,* for defendant in error.

The opinion of the court was delivered by

HORTON, C. J.: Action of ejectment by Devoe against Waterson. Defense, tax deed, and possession thereunder for more than two years after the date of the recording of the tax deed. Reply, that the tax deed was void upon its face, and that as Waterson was the mortgagee of Devoe, and had foreclosed his mortgage prior to the purchase of the tax cer-

Statement of the case.

tificate, he was under such obligation to pay the taxes as to be precluded from acquiring and holding a tax deed against his mortgagor. The cause was tried to the court, a jury being waived. The court stated in writing the conclusions of fact found, separately from the conclusions of law. Among other findings of fact, the court found the following:

"On the 1st of May 1861 a patent from the United States was issued to Devoe, conveying to him the land in question, and said patent was recorded December 15th 1873.

"On the 11th of May 1865, the tax deed was executed to Waterson for said land, by the county clerk of the county of Marshall, and the tax deed was recorded July 24th 1865.

"Defendant Waterson took possession of and made lasting and valuable improvements on the land in controversy, in the spring of the year 1869, and has been in peaceable possession ever since.

"Defendant Waterson paid for the assignment of the tax certificate February 10th 1865, $37.33, the same being the taxes, interest and penalties on said land at that time; and defendant paid subsequent taxes on said land as follows: November 13th 1865, $8.65, being the taxes for the year 1865; February 8th 1867, $11.84, being the taxes for 1866; December 16th 1867, $17.78, being the taxes for 1867; January 4th 1869, $17.15, being the taxes for 1868; January 8th 1870, $16.57, being the taxes for 1869; December 5th 1870, $23.75, being the taxes for 1870; December 25th, 1871, $25.36, being the taxes for 1871; December 31st 1872, $24.68, being the taxes for 1872; January 10th 1872, $27.65, being the taxes for 1873; and December 3d 1874, $30.72, being the taxes for 1874.

"The land was regularly assessed for the year 1862, and the plaintiff did not pay the taxes levied thereon for that year, nor the taxes for any subsequent year.

"A description of said land was not entered on the tax-roll for the year 1862. A description of said land was not published or advertised in the list of lands advertised for sale for taxes of the year 1862.* The tax-sale record in the county treasurer's office, of lands sold in May 1863 for taxes

[* THE land in controversy lies in section *thirty*, and was properly assessed and described by the assessor; but on the tax-roll, and in the advertisement of sale, what was intended as the same land, was described as being in section *three*.—REPORTER.]

of the year 1862, showed that the land in question in this case was sold to Marshall county.

"The plaintiff executed and delivered to the defendant a mortgage on the land in dispute on the 28th of January 1862, to secure the payment to the defendant of the sum of $72.43, and said mortgage was foreclosed at the December term of the district court for Marshall county, in the year 1864, but the land was never sold under such judgment. Such judgment, so far as it was *in personam*, was kept alive by the issuing of executions, and was finally paid and satisfied in full on the 26th of December 1873, by the voluntary payment thereof by plaintiff."

The conclusions of law were —

"1st, That the tax deed above set out is void on its face.

"2d, That the possession of the defendant together with the tax deed did not start the statute of limitations to running in favor of said deed.

"3d. That plaintiff's right of action is not barred by the statute of limitations.

"4th, That the defendant, being a mortgagee of the land in dispute, could acquire no tax deed for the same under a sale for taxes for the year 1862.

"5th, That the defendant has a lien on said land for the amount paid for the assignment of the certificate, and for the amount of all subsequent taxes paid on said land, and that he is entitled to interest on the amount paid for the assignment of the tax certificate at the rate of twenty per cent. per annum, and also to interest on the amount of taxes paid subsequent to the date of said tax deed at the rate of twenty-five per cent. per annum, and said defendant also has a lien on said land for the amount of said interest. The amount of defendant's lien for taxes and interest is $434.17, that being the total amount said defendant paid as taxes, and for the assignment of certificate, and interest to the first day of this term of court.

"6th, That the defendant has a lien for the improvements made on said land." (The plaintiff excepted to the fifth conclusion of law. Defendant excepted to all the findings and conclusions.)

The material questions presented in this case for our determination relate, first to the effect of a tax deed, void upon its face, in starting, or setting in motion the statute of limitation, (which statute is, "that an action for the recovery of real

property sold for taxes can only be brought within two years after the date of the recording of the tax deed,") when the party claiming title thereunder has actual, open and notorious possession of the premises described in the tax deed; and second, to the validity of the purchase of a tax certificate by a mortgagee, and of the deed to him on the certificate, before a sale under foreclosure, and when the mortgagee is not in the possession of the mortgaged premises.

In this case, the tax deed was made to Waterson on May 11th 1865. It recites that on the 5th of May 1863, the land in dispute was sold to Marshall county for the taxes of the year 1862, and that on the 10th of February 1865, the tax-sale certificate, which had been issued to Marshall county for said land, was assigned by the *county treasurer* of Marshall county to Waterson. Within the decision of *Shoat v. Walker*, 6 Kas. 65, the deed relied upon by Waterson is void upon its face. This court has frequently held that the statute of limitation will not run in favor of such a tax deed, while the land intended to be conveyed by the tax deed remains vacant and unoccupied. *Shoat v. Walker*, supra; *Sapp v. Morrill*, 8 Kas. 677; *Hubbard v. Johnson*, 9 Kas. 632. This court has also held, that the statute of limitations will not run in favor of a tax deed void upon its face, where the owner of the land is in possession of and occupies the same. *Sapp v. Morrill*, supra.

*1. Tax-sale certificate; assignment by county treasurer.*

*2. Tax deed; limitation.*

Does the actual, open and notorious possession of the premises by the holder of a tax deed, void upon its face, change the rule, as above cited? The authorities upon this question are conflicting. The Wisconsin decisions support the doctrine, that a person who has been in possession of the real estate for the time within which an action can be brought to recover property sold for taxes, after the date of recording of the tax deed, (and in that state the time is three years,) claiming title in good faith under the tax deed, can successfully plead the statute of limitations, although the deed is void upon its face. We are

*3. Possession by grantee, and color of title.*

however not satisfied with the reasoning of the decisions of that state in reaching this conclusion. The decision strongly relied upon, is the case of *Lindsay v. Fay*, 25 Wis. 460. That decision is based mainly upon the case of *Edgerton v. Bird*, 6 Wis. 527, decided in 1858. That the opinion in *Edgerton v. Bird* was not so luminous and satisfactory as to be entirely acceptable to the bar of that state, is evident from some of the remarks in the decision rendered in the case of *Lindsay v. Fay*. In commenting upon the cases of *Edgerton v. Bird*, supra, and *Sprecker v. Wakeley*, 11 Wis. 432, Dixon, C. J., says:

"And yet, notwithstanding those decisions, the question has of late years been often raised in this court, as if it was still an open one; and now this case comes up, and most elaborate printed arguments have been submitted on the same supposition. It is certainly time the question was put at rest, and an end had of argument upon it. Aside from the considerations generally prevailing to induce an adherence to past decisions, and settled points, the question here is one to which the doctrine of *stare decisis* applies with somewhat peculiar force. It is certainly better that almost any question should be settled, if even upon doubtful principles, than that it should not be settled at all."

The case of *Edgerton v. Bird*, from the argument therein adduced, was decided principally upon some statute of that state making possession an aid of a tax deed, or making adverse possession or claim under color of title a basis for the statute of limitation. The court discusses at considerable length "color of title," and holds, "that the tax deed was sufficient to show *color of title* in Bird, without regard to its intrinsic worth as a title, or the informality in its execution," and is of the opinion, "that the tax deed was properly admitted in evidence in that case to show colorable title in the husband of the defendant, and the character of that possession." In the conclusion of the opinion, "the limitation of three years" within which an action must be brought from the time of recording the tax deed of sale, is referred to as also decisive of the case, but no authorities are stated in support of this conclusion, and the judge merely adds:

"If any force or effect is given to this provision of law, it must, under the facts and circumstances of this case, defeat the action. The defendant has possession under a recorded tax deed, and had had possession under such a deed more than three years at the time the suit was brought. The tax deed was given in 1841, and it does not seem very inequitable to apply this statute of repose as a shield to protect the possession of the defendant."

In the case of *Sprecker v. Wakeley*, 11 Wis. 432, the case of *Edgerton v. Bird,* supra, is cited and affirmed, and the only additional argument added to the former opinion, as to the three-years statute of limitation, is the language of Cole, J., to the effect, that, "this is substantially the plain, positive and express language of the statute, and must be regarded by the courts, unless they are able to discover some principle by which they can overrule or disregard it. I have not been able to discover any ground upon which I could declare this provision of law void, unless I went to the extent of denying to the legislature power to pass statutes of limitations, a position which would be contrary to all the authorities." In the opinion in *Lindsay v. Fay,* supra, the learned judge concedes, "that as the statute is silent upon the question of possession, and *bona fide* claim of title, if it is extended to tax deeds void upon their face, it must be by the spirit of it, and by analogy to the provisions of the other statute, *and not because such cases are within the letter of it.*" We do not note the cases of *Hill v. Krick,* 11 Wis. 442; *Knox v. Cleveland,* 13 Wis. 245, and others of like character, holding that the recording of a tax deed draws after it the constructive possession in a case where the premises are unoccupied, as this court in cases already decided, and hereinbefore cited, has not sanctioned this rule, when applied to tax deeds void upon their face.

We have thus fully quoted from the Wisconsin decisions, because they are relied upon in this case to sustain the claim of plaintiff in error, and are so frequently cited as conclusive upon this question. The case of *Moore v. Brown*, 11 How. 414, is in direct conflict with the decisions in 6 Wis. 527,

11 Wis. 432, and 25 Wis. 460, as the supreme court of the United States therein hold, that a tax deed, void upon its face, does not bring a defendant within the benefit of the statute of limitations. Most, if not all of the adjudged cases referred to in the text-books in support of the propositions maintained by the Wisconsin decisions on this point, are made under statutes differing materially from those of Kansas. Notably is this true, in the decisions of *Cofer v. Brooks,* 20 Ark. 542; *Hoffman v. Harrington,* 28 Mich. 90, and *Washburne v. Cutler,* 17 Minn. 361. All of these latter cases are upon the question that tax deeds, even if irregular and worthless, are admissible in evidence, in connection with proof of possession, to show claim under color of title in good faith to let in the statute of limitations. While such decisions to some extent tend to support the position of counsel for plaintiff in error, they are not exactly in point, and hence not conclusive, even if sustained by reason. The fact of possession, and claim or color of title in good faith under a tax deed in this state, does not enter into, or constitute an element in the limitation prescribed in the two-years statute of 1862, (Comp. Laws, § 11, p. 879,) or in the statute now in force, (Gen. Stat. of 1868, 633, § 16, subdivision 3d.) We cannot change said subdivision third to read that, "an action for the recovery of real property sold for taxes, can only be brought within two years after the date of the recording of the tax deed, where the person holding such deed has been *in possession* of the premises from the date of such recording under claim or color of title made thereunder in good faith." The law, as it stands upon the statute book, is the same as to persons out of possession, and claiming title to property under tax deeds, as to those in possession. The statute of the two years, by its terms, applies as much to the one, as to the other. Possession is not referred to therein; nor does any claim of title, or entry under color of title in good faith, or otherwise, make a part of the provision of limitation. We have no right to extend its conditions. We are only interpreters of the law. This court having already held

that a tax deed, void upon its face, will not start the statute of limitation of two years, it follows also, that a tax deed void upon its face will not protect a person in possession of the premises for two years under a like deed.

In answer to the conclusion to which we have arrived, it may be urged, that no distinction should be made against a party in possession, claiming title in good faith, between a tax deed void upon its face, and one regular in form, but which on account of a fact existing outside of the deed may be invalidated in a court by the introduction of evidence *de hors* the deed. We do not think this suggestion, or rather objection, of any great weight. The law makes a tax deed, valid on its face, *prima facie* evidence of the regularity of all proceedings, from the valuation of the land by the assessor, inclusive, up to the execution of the deed; and a person receiving such a deed may justly and properly rely on its recitals. He need not look, and indeed is not expected to look, into the facts appearing elsewhere in the recorded proceedings for the levy and collection of the tax. The legislature intended to extend its protection of the two-years statute of limitation to persons holding tax deeds, regular in form, against proof *aliunde* which would rebut or destroy such *prima facie* title, when such tax deeds have been duly recorded, whether the party claiming title thereunder takes possession of the premises or not. If he takes possession, the law wisely provides, that he shall recover for all lasting or valuable improvements made upon the premises, whether the tax deed be void upon its face, or may be avoided by a fact existing in the proceedings for the assessment and collection of the tax for which the land was sold. *Smith v. Smith* 15 Kas. 290. Nor do we think the principle we have adopted, inequitable or unjust. At the time Waterson took the assignment of the tax certificate from the treasurer, the treasurer had no more authority to assign the same to him, than the counsel appearing in this case, or any other person not an officer of Marshall county. In March previous to the assignment of the tax certificate, the law giving the county treasurers the right to

make such transfers, was repealed. Referring again to the case of *Shoat v. Walker*, supra, we quote: "A tax deed to be sufficient, when recorded, to set the statute of limitation in operation must of itself be *prima facie* evidence of title. It is not necessary that the deed be absolutely good under all circumstances. It is not necessary that it be sufficient to withstand all evidence that may be brought against it to show that it is bad; but it must appear to be good upon its face; it must be a deed that would be good, if not attacked by evidence *aliunde*. When the deed discloses upon its face that it is illegal, when it discloses upon its face that it is executed in violation of law, the law will not assist it. No statute of limitations can then be brought in to aid its validity. The party accepting it, and claiming under it, has full notice of its illegality, and must abide the consequences of such illegality. He has no reason to complain." And we add, that actual, open and notorious possession will not bring such a deed within the provisions of the two-years statute of limitations.

This conclusion disposes of the case against the claim of the plaintiff in error; but as a very important question has been presented by the defendant in error, which is in the record, and which has been argued to the court in regard to the relations of mortgagors and mortgagees in tax matters, we will consider whether the situation of Waterson, as mortgagee, would prevent him from acquiring title to the mortgaged premises by his purchase of the tax certificate, if the assignment had been valid, and obtaining thereon a tax deed, so as to cut off the rights of Devoe, his mortgagor in the premises. This involves two inquiries—first, was there any obligation on the part of Waterson to pay the taxes? and second, was there such a relation of trust or confidence existing between Waterson, the mortgagee, and Devoe, the mortgagor, as to preclude the former from becoming a purchaser of a tax title on the mortgaged premises in his own behalf? It is settled, that a party under obligation to pay

4. Taxes on mortgaged property. Rights and liabilities of mortgagor and mortgagee.

taxes cannot acquire a title at a tax sale.   In this state, the common-law attributes of mortgages have been by statute wholly set aside, and the ancient theories demolished.   The mortgagee has a mere security, creating a lien upon the property, but vesting no title, and giving no right of possession whatever, either before or after breach.   The statute confines the remedy of the mortgagee to an ordinary action, and sale of the mortgaged premises.   *Clark v. Reyburn*, 1 Kas. 281; *Chick v. Willets*, 2 Kas. 385.   Waterson neither had the actual possession, nor the right of possession of the premises, as mortgagee.   He was required to pay taxes to the state on his note and mortgage, and he performed his obligation, so far as his mortgage and note were concerned, when he discharged that duty.   By loaning money to Devoe, and taking mere security, it cannot be said that he either covenanted or promised to pay Devoe's taxes.   The contrary is true.   Devoe was not only under obligation to pay the taxes on the land he owned, but he was under duty to protect the lien, or security, of Waterson, by providing for the payment of the taxes, so that such lien or security should not be destroyed by his default or negligence.   It is a well-settled rule of equity, that a party shall not take advantage of his own wrong.   Yet the argument is made in this case, that because Devoe refused to perform his obligation to pay taxes, refused to comply with his written promise to pay his note, so acted as to compel Waterson to advance additional moneys, not contemplated when the loan was made and the security taken, in order to save his security, that thereby, such a relation of confidence existed between Waterson and Devoe as to make the taking of a tax deed by the former an act of fraud against the rights of the latter.   The argument is fallacious.   The reasons are all in favor of holding that a mortgagee, under our laws, not in possession of the premises may obtain title to the mortgaged property by a fair purchase at a tax sale.   It cannot be said that Waterson was under obligation to pay the taxes, he not having been in possession at the time of the assessment; nor were the

16—18 KAS.

lands assessed against him, nor was there any agreement with the mortgagor to pay the same. He cannot be held liable as having any title in the land, as our statute negatives the idea of title in the mortgagee. If the theory be advanced, ·that the mortgagee is precluded from accepting a tax deed for his own benefit, because the law will presume that he did so for the protection of his own interest merely, and not to acquire title, we answer, then, in this case such a presumption of the law cannot be sustained. Waterson did not step forward and redeem the property from sale, but he took or attempted to take a transfer of the tax certificate, and thereafterward obtained the tax deed. This action on his part, and like action on the part of any mortgagee similarly situated, shows an intention, or an election on the part of such person, to occupy the relation of purchaser, with all the rights and incidents which the law attaches to it. The acts of a person, under such circumstances, do not support the presumption which the authorities holding contrary to the doctrine herein expressed would have the law imply. The fact that, under our statute, the mortgagee may pay and discharge the taxes on the mortgaged premises, and collect the amount so paid in his foreclosure suit, does not change the rule. Such provision of the law gives him the choice, if he desires, of paying the taxes, and secures him in the way of a lien for the amount so paid. It does not make it obligatory upon him to do so, nor does it create the relation of trust and confidence between him and the mortgagor. This statute does not change the obligation, in this respect, of the mortgagee. Section 135, Gen. Stat. 1868, p. 1062; § 148, Laws 1876, p. 97. We think that a review of the authorities will sustain our conclusion. In the case of *Williams v. Townsend,* 31 New York, 415, the question was directly presented and decided, as above stated. *Smith v. Lewis,* 20 Wis. 369, is in support of the same view. In *Chapman v. Mull,* 7 Ind. Eq. R. (N. S.) 292, it is held, "that the principles in relation to dealings between trustee and *cestui que trust,* as adopted by courts of equity, do not

apply to the case of mortgagor and mortgagee. Dependence, and the duty of protection, are not involved in this relation, and they may deal, subject only to the ordinary principles." In *Walthall's Ex'rs v. Rives*, 34 Ala. 91, it is held, "that the acceptance of a mortgage does not estop the mortgagee from purchasing the mortgaged property under judgments having a lien paramount to that of the mortgage." In *Harrison v. Roberts*, 6 Florida, 711, it is also held, "that there is no rule of law, or principle of equity, which prevents a first mortgagee from purchasing the mortgaged property when sold at sheriff sale under a judgment prior to the mortgage; and, in such a case, he takes absolute title." The cases that support the rule, that a mortgagee cannot affect the rights of a mortgagor by purchasing the property at a sale for delinquent taxes accruing on the premises, are either made in states where the common law prevails as to the character of mortgages, or in actions in which the mortgagee was in the actual possession of the premises. In *Chickering v. Faile*, 26 Ill. 507, the argument of the court shows that, in that state, by the mortgage-deed the legal title passes to the mortgagee, but in equity the right of redemption remains in the mortgagor, even after condition broken. Upon a failure to perform the condition, the title apparently becomes absolute in the mortgagee, and is clearly color of title, and, after condition broken, the mortgagee, at law, may bring his action of ejectment and recover possession. This is not so in Kansas; and hence, in this state, the Illinois authorities are not in point on the question decided. In *Brown v. Lemons*, 44 N. H. 475, where it was held the mortgagee could not acquire title against the mortgagor, the mortgagee was in actual possession, taking the rents and profits. The court below held differently in its conclusions of law as to the rights of a mortgagee, than here decided; but as the deed was properly held void on its face, and the statute of limitations held not applicable, and as Waterson was allowed by the court the benefit of both the occupying-claimant act, and section 117 of the tax-law, (Gen. Stat. 1868,

p.1057,) no error was committed affecting any right of the plaintiff in error to his prejudice.

The counsel for the defendant in error, assuming that this court would hold the purchase of the tax certificate, and the acceptance of the tax deed by the mortgagee, as redemption of the land from taxes for the benefit of the mortgagor, asks us to modify the judgment of the court below, so as to allow to Waterson only seven per cent. interest upon the taxes paid by him, and to refuse him the benefits of the occupying-claimant act. We do not think the questions can be raised by the defendant in this way. The only party who has filed a petition in error here, is Waterson. Devoe does not come to this court alleging error in the action of the court below. He has filed no motion for a new trial, and he cannot now, simply on his brief, ask the rulings of the court below to be reversed or modified at his instance. He is not the complaining party. He has filed no petition in error. He is held satisfied with the judgment originally rendered.

*6. Practice; party complaining of error.*

The judgment will be affirmed.

BREWER, J., concurring.

VALENTINE, J., not expressing any opinion.