LADOISKA A. PERLEY V. JACOB E. TAYLOR, et al.

1. TAX LIENS on Property Conveyed; Action on Warranty. In an action on the covenant of warranty, in a deed of conveyance from a defendant to plaintiff, the findings of facts show that at the date of the delivery of the deed there were liens on the property for unpaid taxes, penalties and charges of $131.36; that about the time of the execution of the deed, plaintiff received $150 from a debtor of defendant, which he agreed to accept and use in the payment and discharge of such liens. He failed to do so until the liens greatly exceeded the $150. Held, The plaintiff was not entitled to recover as on a breach of warranty.

2. ——— Continuance Refused; No Error. In a reference had before a referee, after the evidence had all been concluded, the plaintiff produced and read an affidavit for the continuance of the hearing for fifteen days, that he might obtain additional evidence on the alleged ground of surprise: Held, That as it did not appear that the evidence was material to the issues, the referee committed no error in overruling his application.

3. ——— Set-off; Costs; No Error, When. In an action for the recovery of money only, in which the defendant filed for his defense a set-off, and the referee reports that the defendant is entitled under the evidence to a judgment for $265, and upon the motion of plaintiff to set aside the report and findings, the court reduces the claim to $130, and enters judgment accordingly, held, not error for the court to tax all the costs in favor of the defendant, notwithstanding the modification of the referee's report.

*Error from Nemaha District Court.*

ACTION brought by *Ladoiska A. Perley*, by her next friend, John A. Perley, against *Jacob E. Taylor* and three other defendants, on the covenant of warranty in a deed of conveyance from defendants to plaintiff, to recover the sum of $2,000

for taxes, interest and penalties alleged to have been incum-
brances upon the property at the time it was conveyed, and
which plaintiff claimed she had paid after the defendants had
refused so to do. The facts and proceedings appear in the
opinion. Trial at the April Term, 1878, of the district court,
and judgment for the defendants. The plaintiff, *Perley*,
brings the case here on error.

*Joseph Sharpe*, for plaintiff.

*J. E. Taylor*, for defendants.

The opinion of the court was delivered by

HORTON, C. J.: This was an action on the covenant of
warranty in a deed of conveyance from defendants in error
to plaintiff in error, to recover the sum of $2,000, for taxes,
interest and penalties alleged to have been incumbrances upon
the property at the time it was conveyed, and which plain-
tiff claimed she had paid after defendants had refused so to
do. Defendants for answer filed a general denial; and al-
leged that in 1872 one Morris Finks was owing defendants
$150; that it was agreed between plaintiff and defendant that
plaintiff should collect this money and pay off all the taxes
due on the land; that in pursuance of this arrangement,
plaintiff collected the money, but failed to pay the taxes.
Defendants also set up an account in the way of a set-off, of
$480. The case was referred, and the referee reported the
following conclusions of fact:

"1. There was a written contract made between the par-
ties to this action for the exchange, in part, of the real prop-
erty described in plaintiff's petition, and delivered in escrow
to Dr. McNeal, of St. Jo., Mo.; and on same day plaintiffs,
on their part, in consideration thereof, made, executed and
delivered in like manner to the defendants a deed conveying
to them a certain house and lot in Lacon, Ill.

"2. That under said contracts and deed, the parties were
put by the grantors in the immediate possession of the prem-
ises each had thus conveyed to the other.

"3. That on the 22d day of July, 1872, the said defend-
ants and their wives, as grantors, made and delivered to

plaintiffs the deed of warranty, conveying to them the said lands, according to the terms of their agreement.

"4. That on the said 22d day of July, 1872, at the time said lands were so conveyed to plaintiff by the defendants, there remained liens for unpaid taxes, which amounted to (costs, penalties and charges incurred) the sum of $131.36, which were evidenced by said exhibits Nos. 15, 17, 24, 183 and 185, and tax deed marked 'L.'

"5. I find that John A. Perley, in all these transactions with the defendants, was the acting and recognized agent of his wife, the plaintiff, as to her interest in all of said matters, and had so acted for more than ten years.

"6. And that at or just prior to the time said deed of said lands was by defendants made to plaintiff, (July 22, 1872,) the said plaintiff, by her said agent, collected from one Finks, of Lacon, Ill., $150 in money, that was due then to these defendants.

"7. That about said time said plaintiff agreed to and with these defendants that the said plaintiff would use the same in paying off and discharging all of said tax liens then unpaid on the lands defendants had conveyed to plaintiff.

"8. That the claim of plaintiff for these taxes, July 22, 1872, being for $131.36, was offset and fully discharged by the moneys plaintiff had then belonging to defendants, leaving a balance in the hands of the plaintiff of $28.64, as the weight of evidence shows.

"9. That the testimony shows that defendants were employed by plaintiff in two actions pending in Brown county, Kansas, wherein these plaintiffs were defendants, and one John G. Spencer and Spencer & Letson were the plaintiffs; that said suits were commenced prior to and terminated at the October term of the district court for said Brown county, Kansas, in 1874, and that said services were worth $250, including money paid as expenses; that no payment has been made thereof by the plaintiff to defendants, or any one else for them.

"10. I find that the plaintiff, within three years past, employed these defendants as attorneys to prosecute an action against John G. Spencer for damages plaintiff claimed that said Spencer had done to his premises and crops, and that a suit in pursuance of said employment was undertaken by defendants as such attorneys in the case, by preparing the papers and writing the bond for costs, but not filed, on account of failure of plaintiff to furnish security for costs; and

that the services therein were worth the sum of $15, and that the same remains due and unpaid.

"11. I further find that since the commencement of this suit, plaintiff obtained a tax deed, hereto attached as exhibit 'L,' upon two quarter-sections of land, which covers that much of the lands described in plaintiff's petition, and conveyed to plaintiff by defendants by warranty, July 22, 1872, and said deed is duly recorded as provided by law."

And thereon the referee found among others the following conclusions of law:

"1. I am of the opinion that the defendants are entitled to have and recover of and from the plaintiffs aforesaid the sum of money so severally found due, amounting to $265, together with their proper costs to be finally taxed in the case.

"2. I am of the opinion it was the duty of plaintiff to pay the taxes that were due thereon on the 22d day of July, 1872; and that she could not acquire title under the same, and by her own neglect create a breach of the warranty for which these defendants would be liable; and that the doctrine of merger of the titles set out must apply so far as these defendants are concerned."

Plaintiff moved the court to set aside the report of the referee, and the defendants asked for judgment for the $265 and costs. Upon the hearing of these motions, the district court confirmed the report in all matters, except it reduced the claim of defendants to $130, for which judgment was rendered in their favor. Plaintiff duly excepted to the judgment, and defendants objected to the reduction of their claim. The plaintiff in that court brings the case here on error.

.. Several questions are attempted to be presented for our consideration, in a very lengthy written brief on the part of plaintiff in error; but as many of these questions relate solely to whether the findings of the referee are supported by sufficient evidence, and as there is ample and apparently credible testimony in their favor, we must pass over a discussion of the testimony and confine ourselves to the question whether, upon the facts found, the plaintiff has been prejudiced by the judgment of the court.

The deed was delivered July 22d, 1872, and as between

any grantor and grantee, if the land is conveyed prior to November 1st, the grantee is to pay the taxes. (*Railroad Co. v. Jaques*, 20 Kas. 639.) So in this case, the plaintiff was liable for the taxes of 1872. On July 22d of that year, there remained liens for unpaid taxes, including costs, penalties and charges, $131.36; and this sum defendants would have been liable for, together with the additional amounts due thereon at the time of the payment of taxes, on or about April 16th, 1874, but for the collection of the said $150 belonging to defendants, and which, by the agreement of the parties, was to be used in paying off and discharging these tax liens. The plaintiff had no right to retain this $150 and suffer the tax lien to increase at the rate of fifty per cent. per annum, nor wait till the lien had ripened into a title. Such action would have been a gross fraud upon the rights of the defendants. If any of the tax liens due on July 22d, 1872, continued unpaid after the collection of the said $150, it was solely owing to the fault and negligence of plaintiff. She should have complied with her promises, and satisfied the liens from the moneys paid over to her for this purpose. The conclusions of law on this point by the referee were correct, and the district court committed no error in affirming them.

After the evidence was closed, plaintiff made an application for a continuance of the case for fifteen days, to permit him to obtain additional evidence, on the ground that he was surprised at the evidence offered on the part of the defendants. It did not appear that the evidence was material to the issues, and the referee did right in overruling the motion.

Costs were properly allowed to the defendants by the court, under §§ 589 and 590, Gen. Stat. 747, notwithstanding the claim of the defendants was reduced from the sum reported by the referee to $130. If any error was committed in reducing this claim, it was in no way prejudicial to the rights of the plaintiff. She was benefited instead of being injured thereby.

Counsel for the defendants ask us to modify the judgment so as to allow them the $265 reported their due by the ref-

·eree.° They have filed no cross-petition alleging error, and we cannot vary the judgment at their instance to the preju·dice of plaintiff. ( *Waterson v. Devoe*, 18 Kas. 223.)

We cannot perceive that plaintiff has any reason to complain of the judgment upon the findings of fact, and said judgment will therefore be affirmed.

All the Justices concurring.