L. C. CHALLISS v. WM. HEKELNKÆMPER.

1. ASSESSING LANDS; *Uniting Separate Lots.* Where two adjacent lots are of different sizes and values, and belong to different owners, the one open and unimproved, and the other inclosed and improved, it is improper to assess them together, and as one parcel or tract of land.

2. ———— *Taxes; Apportionment.* The owner of the larger and more valuable lot cannot in such case by paying one-half the joint tax cast the burden of the remaining half upon the other lot.

3. ——— *Equity Rule, for Relief.* Equity will assist a party to cast off from his property an inequitable and unjust burden, but in so doing will require that he pay what is fairly and justly due.

### Error from Atchison District Court.

ACTION by *Challiss* to set aside a tax deed, and remove a cloud upon his title. The action was heard and decided by the district court at the November Term 1873. The facts and proceedings fully appear in the opinion, *infra.*

*W. W. Guthrie,* for plaintiff:

1. The tax deed was void on its face, but was nevertheless a cloud upon the title; *Dean v. City of Madison,* 9 Wis., 402. It shows that two distinct parcels were assessed and valued, and taxed as one tract. Each parcel must be separately assessed; (§ 32 of tax law.) Here these two parcels had been separate since the plat was filed in 1868, and had been many times conveyed by separate deeds, all of record. Lot 28 was 40 feet front, with a house on it; Lot 29 but 25 feet front, and vacant. The two lots were assessed at $1,200, for 1868, and taxed $61.19, and lot 29 was sold for the full half. For 1869 total tax was $66.60, and the half charged to lot 29. Hence the sale was for an excessive tax. *McQuestin v. Swope,* 12 Kas., 32.

2. Sec. 32 of the tax law provides means for ascertaining the description of property, and the owner cannot be chargeable with laches in this respect, nor made to suffer for the errors of the county officials, resulting from their negligence only. The board of equalization have no power to divide up or apportion valuations; only to raise or lower on descriptions as returned.

*Horton & Waggener,* for defendant. No brief.

The opinion of the court was delivered by

BREWER, J.: This was an action to set aside a tax deed and remove the cloud on plaintiff's title arising therefrom.

The court made a conditional decree, that upon payment by the plaintiff of $201.47 the defendant should be barred from setting up any claim under said tax deed, and that each party should pay half the costs.   Plaintiff excepted to this decree, or to so much as required payment of $201.47 and half the costs, but tendered judgment for $70, and now asks that the ruling of the district court be modified to that extent.   Of course, as a basis for this decree the court found against the regularity and validity of the tax proceedings — found the existence of some substantial defect therein ; for no mere irregularity would defeat the deed. Gen. Stat., 1057, § 113.   With this ruling we need not trouble ourselves, for the plaintiff cannot and the defendant does not complain of it.   The question for us is, what if anything upon the basis of the invalidity of the tax proceedings, ought the plaintiff to pay?   And as bearing upon that question the following are the important facts: The tax deed was upon a sale for the nonpayment of the taxes of 1868.   The premises in controversy were known as "Lot No. 29, in Block 15," in Challiss' addition to city of Atchison.   It and the adjacent lot were assessed together, and as one parcel, for both 1868 and 1869.   One-half the tax was paid by the owner of the adjacent lot, leaving one-half unpaid, and for which it was sold.   It appeared that Lot 29 was 25 feet front, and unimproved and uninclosed, while the adjacent lot was 40 feet front, inclosed, and improved with house, etc.   The value of the improved lot was three times that of the lot in question. Subsequent to 1869 the lot was assessed separately, and of those subsequent taxes plaintiff makes no complaint, but tendered judgment therefor in his offer of $70.   Of the tax of 1868 and 1869 he complains, and says that by reason of the facts above stated no lien was cast upon the lot, but that the whole tax must be treated as void.   On the other hand, the district court held that the unpaid tax on the two lots, being the one-half of the entire tax thereon and interest, should be paid, basing the decision evidently on § 117 of the tax law, (Gen. Stat., 1057,) which provides that if the holder of a tax

<span style="float:left">Statement<br>of case.</span>

deed be defeated in an action for the recovery of the land the successful claimant shall be adjudged to pay the full amount of all taxes paid, with interest and costs.

We think the court erred in its conclusions. The two lots jointly assessed were equal neither in size nor value. The 1. Assessing lands; uniting separate tracts. owner of the larger and more valuable could not by payment of one-half the tax cast the burden of the remaining half on the other lot. There was nothing in the condition of the two lots to justify this joint assessment. They were not owned by the same person; they were not covered by a single improvement, nor inclosed with the same fence. The one was open and unimproved; the other inclosed and improved. No laches can be imputed to the owner. The joint assessment was through no fault of his. It is the duty of the *assessor* to make out a *correct* description of *each parcel* of real property—and not the duty of the owner, unless required by the assessor to furnish such description. (Gen. Stat., 1032, § 32.) So that to require the plaintiff to pay one-half the tax on the two lots, is to cast on him an unjustifiable burden, and to make him pay for the mistakes of the assessor. The court therefore erred in requiring the plaintiff to pay the whole of the unpaid tax.

On the other hand, it does not seem to us that the claim of the plaintiff can be sustained. While a court of equity 3. Equity rule for granting relief. may assist a party to cast off an inequitable burden from his property, it will not assist him to remove that which is fair and just, or to avoid bearing his due share of the burdens and expenses of government. Now the plaintiff, claiming that this tax is excessive, seeks to be relieved from it altogether. He would not simply rectify the blunders of the officers, but he would make those blunders the means of his own profit. Because too much is asked, he would not pay that which fairly and justly he ought to pay. This a court of equity will not tolerate. It appears from the unchallenged findings that the value of the adjacent lot was three times that of the one in controversy. There is no pretense that the joint assessment was excessive, or the tax in-

equitable. Clearly therefore, as taxes are based upon value, the lot in controversy should have paid one-fourth and only one-fourth of the joint tax. (*City of Ottawa v. Barney*, 10 Kas., 270.) This as we figure it makes the amount of the taxes and interest properly chargeable on this lot at the time of the decree $140.02, and the decree will be modified by reducing the amount required to be paid to that sum.

As to the matter of costs, it does not appear that any tender was made by plaintiff prior to the commencement of the suit, so that it seems to us eminently fair that he pay one-half the costs. The costs of this court also will be divided.

All the Justices concurring.