## THOMAS BRUCE V. JOHN McBEE.

TAX DEED, *Invalid; Statute Construed.* In February, 1871, a part of the town site of Howard City was duly laid off into lots, blocks, streets and alleys, and a plat thereof filed for record in the office of the register of deeds of Elk county. In 1873, the lots and blocks, streets and alleys were listed, and valued as the northwest part of lot No. 4, in the northwest quarter of section one, in township thirty, south, range ten, east, containing $45\frac{22}{100}$ acres, and, also, as the north half of lot No. 5, of northwest quarter of section one, in township thirty, range ten. *Held,* The assessment was in disregard of the statute then in force, and a tax deed following the description of the assessment is invalid. (Secs. 32, 36 and 93, ch. 107, Gen. Stat. 1868.)

### *Error from Elk District Court.*

ACTION brought by *McBee*, against *Bruce*, to quiet title to certain real estate in Howard City. The facts are fully stated in the opinion. Trial at the October Term, 1878, and judgment for the plaintiff. The defendant brings the case to this court.

*L. Scott,* for plaintiff in error.

*John A. Oliphant,* and *S. B. Oberlander,* for defendant in error.

The opinion of the court was delivered by

HORTON, C. J.: This was an action brought by defendant in error, to quiet title to certain real estate in Howard City. In his petition he alleged a purchase of the premises, in December, 1876, from Alexander Bruce, for the sum of $400; the payment of the purchase-money; the taking possession of the property at the date of purchase; the execution to him of a warranty deed on April 2, 1877, and the filing for record of the deed on April 3, at 1 o'clock P.M. of said day; peaceable possession since the date of purchase; and that Thomas Bruce claimed an adverse interest. The plaintiff in error (defendant below) answered, and set up title by virtue of a judgment obtained in the district court of Elk county

on April 3, 1877, against Alexander Bruce, and a sale of said lands thereunder, and also, by virtue of two certain tax deeds — one for the taxes of 1873, and the other for the taxes of 1874. Defendant in error filed his reply, denying generally the truth of the answer, and alleging that the tax deeds were void, for irregularities and informalities. Trial had at the October term, 1878. The court made special findings of fact, as follows:

1. That in the month of November, 1876, one Alexander Bruce was the owner in fee simple, by perfect chain of conveyance from the United States of America, (the original owner,) of the following-described lands, to wit: Commencing at the northwest corner of block No. seventy-seven (77), in the town of Howard City, in the county of Elk, and state of Kansas, at the intersection of the south line of Washington street and east line of Perry street in said town; running thence north along the east line of said Perry street to the south line of section No. thirty-six (36), in township No. twenty-nine (29) south, range ten (10), east of the sixth principal meridian; thence west along said south line of said section to the southwest corner of the southwest quarter thereof; thence south until it intersects the aforesaid south line of said Washington street; thence east along said line to the place of beginning — excepting from the same, however, the north half of block No. thirty-eight (38), and the south half of block No. nineteen (19), and lots Nos. twenty-five (25), twenty-seven (27), twenty-nine (29), thirty-one (31), thirty-three (33), and thirty-five (35), in block No. twenty (20), in said town of Howard City, and all lying and being within the aforesaid county of Elk, and state of Kansas.

2. That long prior to said November, 1876, to wit, on the 15th day of February, 1876, the lands had been duly surveyed, and laid off into lots, blocks, streets and alleys, and a plat thereof duly filed for record in the office of the register of deeds of said county, as part of the town site of the aforesaid town of Howard City, now known as the city of Howard, and the portion thereof lying within the boundary lines aforesaid designated and described on the plat, as fractional blocks nine (9), ten (10) and eleven (11); and blocks nine (9), ten (10), eleven (11), eighteen (18), nineteen (19), twenty (20), thirty-seven (37), thirty-eight (38), thirty-nine (39), forty-six (46), forty-seven (47), forty-eight (48), sixty-

five (65), sixty-six (66), and sixty-seven (67), and portions of Massachusetts, Ohio, Iowa, Michigan, Illinois, Washington, Plumb, Walnut and Perry streets, in said town.

3. That the portion of the town site included within the aforesaid boundary lines set forth in the first finding, is laid out upon lots Nos. four (4) and five (5), of section No. one (1), township thirty (30), south, range ten (10), east of the 6th principal meridian, according to the United States government survey of said lands.

4. That all the land included within lots Nos. four (4) and five (5), mentioned in the third finding, was at the date mentioned in the second finding, to wit, February 15, 1871, duly laid out and surveyed, platted and recorded, as lots, blocks, streets and alleys, composing portions of the town site of the aforesaid Howard City, and subject to taxation only from that date to the present, as lots and blocks in said town.

5. That in the month of November, 1876, the aforesaid Alexander Bruce bargained and sold to John McBee, plaintiff in this suit, the lands bounded and described in the first finding, for the consideration of four hundred dollars.

6. That at the time of the bargain and sale, the plaintiff paid to Alexander Bruce the full sum of four hundred dollars, as the purchase price of the lands, and Alexander Bruce thereupon, then and there, in consideration thereof, promised and agreed to convey the lands to plaintiff.

7. That plaintiff thereupon immediately took possession of the lands, and has retained such possession, and exercised control over the same to the present time.

8. That afterward, to wit, April 2, 1877, Alexander Bruce, by a good and sufficient deed of conveyance, in compliance with his agreement aforesaid, conveyed to plaintiff, John McBee, the lands mentioned and described in the first finding, and on the same day delivered the deed to the plaintiff, who afterward, to wit, April 3, 1877, at one o'clock P. M., caused the same to be duly filed for record in the office of the register of deeds of said county.

9. That the title conveyed as aforesaid to the plaintiff by Alexander Bruce, vests in the plaintiff complete legal and equitable right and title to the lands in the aforesaid deed described, and is paramount to the title set up in the defendant's answer in this cause, whether founded upon the sale upon execution in said answer set forth, or upon the sale for taxes, or either of them, in said answer mentioned.

10. That the allegations of plaintiff's petition herein are true, and he is entitled to judgment against defendant.

Upon the facts as found, judgment was duly rendered for defendant in error, and the defendant below brings the case here.

The assignment of errors is, that the court erred in admitting testimony under the pleadings, and in not rendering judgment for the plaintiff in error. Neither of these alleged errors is tenable. At the time of the commencement of the session of the district court of Elk county for the April term, 1877, at which the plaintiff in error obtained judgment against Alexander Bruce, the defendant in error was the equitable owner of the premises in controversy; he had purchased the same, had paid therefor, and was in full possession thereof. The possession of defendant in error was equivalent to notice to the plaintiff in error of the title of defendant in error. (*Johnson v. Clark*, 18 Kas. 157; *School District v. Taylor*, 19 Kas. 287; *Greer v. Higgins*, 20 Kas. 420.) No judgment lien attached on the premises, because on April 2, 1877, and long prior, they were owned by and were in the possession of McBee. The judgment was against Alexander Bruce, and not McBee, and McBee's property was not liable for the debts of Bruce. (*Holden v. Garrett*, ante, p. 98.)

The tax deeds were not executed until May 13, 1878, and September 7, 1878. The former was filed for record on May 20, 1878, and the latter on September 7, 1878; hence, as this action was commenced on September 11, 1878, no question concerning the limitation law arises. As the premises in dispute had been duly laid off into lots, blocks, streets, and alleys, and a plat thereof duly filed for record in the office of the register of deeds of Elk county, so that the same were a part of the town site of Howard City, as early as February, 1871, the listing and valuation of lots, and blocks, and premises of the town after said date, as the northwest part of lot No. 4, in the northwest quarter of section one, township thirty, south, range ten, east, containing $45\frac{22}{100}$ acres, and also as the north half of lot No. 5, of northwest

quarter of section one, in township thirty, south, range ten, were in disregard of the statute then in force, and the subsequent tax proceedings based upon the assessment were invalid, therefore the court rightfully set aside the tax deeds. (§§ 32, 36, and 93, chap. 107, Gen. Stat. 1868.) These sections clearly contemplated that all the real estate divided and platted as lots and blocks, should be so described in all proceedings relative to assessing, advertising, and selling the same for taxes. (See also *Challiss v. Hekelnkœmper*, 14 Kas. 474.)

The judgment of the court below will be affirmed.

All the Justices concurring.