ENOS McLAUGHLIN v. THOMAS ACOM.

No. 9314.

TAX TITLE—*mortgagee not in possession not precluded from acquiring.* One who stands in the mere relation of mortgagee is under no obligation to pay taxes on the mortgaged premises, nor is he precluded from acquiring a tax title thereto based on tax sales made before he went into possession of the premises.

Error from Montgomery District Court. Hon. J. D. McCue, Judge. Opinion filed October 9, 1897. *Affirmed.*

*Frank McLaughlin* and *Rossington, Smith & Dallas,* for plaintiff in error.

*Joseph Chandler,* for defendant in error.

JOHNSTON, J.    This action was brought to compel a reconveyance of a tract of land in Montgomery County, consisting of 160 acres, and for an accounting of the rents and profits of the same.

On April 26, 1875, Enos McLaughlin and his wife borrowed twelve hundred dollars from Thomas Acom, and to secure the payment of the same executed a deed to the land, which upon its face purported to convey to Acom the absolute title.    At the same time Acom executed an instrument of defeasance, in the form of a bond, which recited that the deed, although absolute in form, was in fact a mortgage given and accepted as security for the payment of twelve hundred dollars borrowed from Acom, due in five years, with interest payable annually.    No interest was ever paid by the McLaughlins, and shortly afterward they abandoned the premises and left the State.    Acom took possession of the land in 1878, and has since made substantial and valuable improvements thereon. In 1874, forty acres of the mortgaged land had been

sold to James M. Talbott for the taxes of 1873 ; and, when the loan was made to McLaughlin, the taxes for 1874 on the remainder of the land had not been paid. In September, 1875, the three remaining forties were sold to Montgomery County for the taxes of 1874. Subsequently, the County assigned the certificates of sale to E. T. Mears and George S. Beard, who continued to pay taxes on the land thus sold until 1878, when an assignment was made by them to Thomas Acom, to whom, in due time, tax deeds were issued.   In 1877 a tax deed was issued to Talbott for the portion purchased by him, and in January, 1878, he conveyed his interest to Thomas Acom.

This action was instituted by McLaughlin in August, 1890 — more than fifteen years after the loan and more than twelve years after possession had been taken by Acom.   In addition to setting forth his rights under the mortgage, Acom set up his tax title to the land ; and it was contended in the court below that the relation of Acom was such as to make it his duty to pay the taxes, and that he was therefore precluded from becoming a purchaser of a tax title on the mortgaged premises in his own behalf.

The other view was taken by the trial court, and the question is renewed here.   What were the relations of the parties?   What was Acom's duty with respect to the taxes?

Although the instrument was in form a deed, it was not only understood by both parties to be a mortgage, but it was expressly stipulated that it was intended solely as a security for the payment of the loan. "In Kansas, every deed of conveyance, whether absolute or conditional upon its face, and whether made to a trustee or not, if made for the purpose of securing a debt, and for that purpose only, is a mortgage, and can be enforced only by an action in a court of

competent jurisdiction." *McDonald v. Kellogg*, 30 Kan. 170. Acom, therefore, occupied the position of a mortgagee. He did not agree to pay the taxes, and the fact that he held the lien upon the premises did not create an obligation, legal or moral, requiring him to pay them. It has been already held that the mere relation of mortgagee will not prevent the person so related from acquiring title to the mortgaged premises by purchase at a tax sale. Especially is this true where the mortgagee was not in possession when the taxes became due. *Waterson v. Devoe*, 18 Kan. 223. The possession taken by Acom in 1878 did not affect his right to acquire a tax title, at least as against McLaughlin. The taxes for which the land was sold and upon which the tax titles were based had become due and payable long before the mortgage to Acom was executed. A portion of the land had already been sold for taxes when the mortgage was made, and the tax titles in controversy were all based on sales made prior to the time when Acom came into possession of the land. Whatever may be the rule as to taxes accruing, or tax sales made, after the mortgagee goes into possession, we find nothing in the relations of the parties nor in the facts of the case which precluded Acom from acquiring a tax title based on sales made prior to his taking possession of the land. *Miller v. Zeigler*, 31 Kan. 417 ; *Uhl v. Small*, 54 Kan. 651. It follows that the judgment of the District Court must be affirmed.