Black v. Johnson.

| 63   47
| 71   639,

### THOMAS J. BLACK v. W. G. JOHNSON.
#### No. 12,156.   (64 Pac. 988.)

SYLLABUS BY THE COURT.

TAX DEED — *Action to Quiet Title — Recovery Denied.*  An investment company bought a tract of land at tax sale, taking a certificate from the county treasurer which it afterward assigned in writing on the back thereof to H.  The latter paid three years' subsequent taxes and then took out and had recorded a tax deed on the land.  Before the recording of this tax deed the investment company bought the land at sheriff's sale and conveyed it by warranty deed to J.  The assignment of the tax certificate to H. was not noted or recorded on the treasurer's books.  *Held,* that, in an action to quiet title, brought by J., he should be denied a recovery until the amount of the taxes, interest and costs are paid.

Error from Reno district court; F. L. MARTIN, judge.   Opinion filed May 11, 1901.   Division one. Reversed.

*F. W. Casner,* and *A. C. Malloy,* for plaintiff in error.
*C. M. Williams,* for defendant in error.

The opinion of the court was delivered by

SMITH, J.:  In September, 1889, the Sioux Investment Company purchased a tax certificate on the real estate in controversy.   Afterward, and in October fol-

lowing, the company sold and assigned this certificate to F. B. Hutchens, trustee, who thereafter paid the subsequent taxes for 1889, 1890, and 1891. At each payment Hutchens sent the certificate to the county treasurer with directions to enter the assignment of the certificate on the treasurer's books and on the clerk's duplicate. This the treasurer neglected to do. In September, 1893, Hutchens took out a tax deed on the property, which was recorded February 2, 1894. In September, 1892, the Sioux Investment Company bought the land in controversy at sheriff's sale, and in January, 1893, conveyed the same to defendant in error, Johnson, who has been in possession ever since. He brought this action in the court below against Black, the grantee of Hutchens, to quiet title, and obtained a judgment.

We think the taxes paid by Hutchens were a lien on the land, and that an action to quiet title could not be maintained without a payment of the amount, with the legal interest and costs. The only reason for denying plaintiff in error a repayment of the taxes is the fact that the certificate was not assigned on the treasurer's books and the clerk's duplicate. There is no claim that the taxes were not a legal charge on the land, and the only defense against their payment rests on the technical objection that there was no assignment of the certificate of record. At the time the defendant in error bought the land the treasurer's record showed the existence of this tax lien. The tax certificate was effectively transferred by a written assignment indorsed on or attached to the same. (Gen. Stat. 1901, § 7648.)

A quitclaim deed from a purchaser of land at a tax sale is not such an assignment of the certificate of purchase as to authorize the clerk to issue a deed to

the grantee of the quitclaim deed.   (*Clippinger v. Tuller*, 10 Kan. 377.)   The defendant in error, by inquiry, might have ascertained that his grantor did not own the tax certificate.   In the deed from the Sioux Investment Company to Johnson there is a covenant that the land is free from all taxes, assessments, and encumbrances; so that the defendant in error had ample remedy against his grantor to recover the amount of the tax claim on the land.

The judgment of the district court will be reversed, with directions to enter judgment in favor of plaintiff in error for the amount of taxes paid, with interest and costs.

DOSTER, C.J., ELLIS, POLLOCK, JJ., concurring.