GEORGE WAGNER et al. v. J. A. UNDERHILL.

No. 14,202.    (81 Pac. 177.)

SYLLABUS BY THE COURT.

TAXATION—*Void Tax Deed—Reimbursement.* In a suit to quiet title to land brought against a tax-deed holder whose tax deed was not recorded within six months from the date of its issuance, and was therefore void, the plaintiff in the suit must pay the taxes lawfully assessed against the land before he is entitled to a decree in his favor.

Error from Wichita district court; CHARLES E. LOBDELL, judge. Opinion filed June 10, 1905. Reversed.

*D. A. Banta,* for plaintiffs in error.

*W. B. Washington,* for defendant in error.

The opinion of the court was delivered by

WILLIAM R. SMITH, J.:    J. A. Underhill, plaintiff below, was the owner of a tract of land. He neglected to pay taxes for several years. The property went to sale, and a tax deed was regularly issued to George Wagner, defendant below, on January 23, 1903. It was not recorded until October 5,

1904. This was a suit to quiet title, brought by Underhill. A decree was entered in his favor. Defendant asked the court to adjudge that the amount of taxes he had paid on the land be declared a lien thereon. The request was denied, and the question raised by such denial is the only one properly presented to this court on the record. In section 1 of chapter 31 of the Laws of 1886 it is declared:

"All tax deeds hereafter issued shall be recorded by the person or persons to whom issued, in the office of the register of deeds of the proper county, within six months from the date of the issuance thereof." (Gen. Stat. 1901, §7688.)

Section 3 of the same law reads:

"All tax deeds not recorded within the times specified in this act shall be void." (Gen. Stat. 1901, §7690.)

Counsel for defendant in error depends largely on the case of *Corbin v. Bronson*, 28 Kan. 532, to uphold the ruling of the trial court. That was an action in ejectment, in which the plaintiff based his right to recover on a tax deed. Defendant had been in possession twenty years. The action was commenced more than two years after the tax deed had been recorded. It was held that, the statute of limitations having barred the action, the plaintiff was not entitled to recover the taxes paid, nor to have them declared a lien on the land. Although the action was ejectment in form it was in legal effect an effort by the tax-deed holder to foreclose a lien on the land for the taxes paid, which it was held could not be done. The decision went no further than this.

We have been cited to no decision of this court in a case analogous to the present one where a party initiating an equitable proceeding to remove a tax deed, which is a cloud on his title, can obtain affirmative relief without payment of the taxes lawfully assessed on the land. In this case the tax deed issued to Wagner

failed as a muniment of title because it was not re-corded within six months from its date.   It has been held repeatedly that in suits to quiet title, instituted against a tax-deed holder, the plaintiff, if successful in defeating the tax deed, must pay such taxes as are fairly and justly due.   (*Challiss v. Hekelnkaemper,* 14 Kan. 474; *Wilder v. Cockshutt,* 25 id. 504; *McKeen v. Haxtun,* 25 id. 698; *Richards v. Cole,* 31 id. 205, 1 Pac. 647; *Pritchard v. Madren,* 24 id. 486; *Franz v. Krebs,* 41 id. 223, 21 Pac. 99; *Black v. Johnson,* 63 id. 47, 64 Pac. 988.)   The failure of title in the tax-deed holder did not impair his right to repayment of taxes. He discharged a claim of the state which it was the primary duty of the owner of the patent title to pay, and became subrogated thereto.

The principle that one who seeks equity must do equity himself applies to the present controversy.   Un-derhill negligently suffered the taxes on his land to be-come delinquent for so long that it was sold and a tax deed issued.   In an equitable proceeding he sought to set aside the deed, and succeeded on the sole ground that the holder failed to record it in time to carry title. The owner  owed a duty to  the  state to pay his  taxes. Confessing violation of this duty, he cannot clear his land of taxes by asserting that the tax-deed holder was negligent in the respect stated.

The judgment of the court below is reversed, and a new trial ordered.

All the Justices concurring.