AGNES MILLER et al., Appellees, v. NICHOLAS DIT-LINGER, Appellant.

No. 15,760.

SYLLABUS BY THE COURT.

1. JUDGMENTS—Res Judicata—Ejectment of Tenant—Landlord Not Bound. A landowner who is not a party to, has no notice of, and does not defend, an action of ejectment prosecuted against his tenant is not bound by a judgment in the action adverse to the tenant.

2. ———— Res Judicata. Purchasers from a landowner in the situation described, acquiring his title subsequent to the judgment in ejectment, take such title unprejudiced by the judgment, although they were defeated parties to the ejectment suit.

3. EQUITABLE RELIEF—Lien for Taxes. A tenant in possession took out a tax deed of the land and conveyed to another, maintaining, however, his proper relation to the landlord-owner. In an action of ejectment to which the landlord was not a party the tax deed was set aside and the tax-title purchaser was given a lien for taxes, which the claimant was

required to satisfy before being let into possession. The claimant paid the amount of the lien, but did not gain possession of the land, and deeded it to another. The tax-title purchaser then procured a conveyance from the owner and brought an action to quiet title against the grantee of the ejectment claimant. *Held*, that the defendant should be regarded as the equitable assignee of the lien for taxes, and that equitable relief to the plaintiff should be conditioned upon its satisfaction.

Appeal from Norton district court; WILLIAM H. PRATT, judge. Opinion filed November 6, 1909. Modified.

*H. R. Tillotson*, and *John S. Dawson*, for the appellant.

*L. H. Wilder*, for the appellees.

The opinion of the court was delivered by

BURCH, J.: Agnes and Maggie Miller recovered a judgment quieting their title to a tract of land against the claims of Nicholas Ditlinger, who appeals.

In 1888 James, the owner at that time, mortgaged the land to the United States Investment Company. By successive sales, assignments in blank and deliveries this mortgage became the property of Lendall Titcomb sometime prior to 1890. None of the assignments was recorded. In October, 1890, James conveyed the land to his mortgagee, the United States Investment Company, and the deed was duly recorded. Sometime in 1893 the investment company conveyed to Titcomb, but the deed was lost and has never been recorded. Titcomb, however, placed George Miller in possession as his tenant, and through Miller kept possession continuously until February 7, 1905, when he deeded to the plaintiffs, Agnes and Maggie Miller. In March, 1900, George Miller took out a tax deed of the land, and later in the same year conveyed it to the plaintiffs, but he continued to occupy the land and to

Miller v. Ditlinger.

pay rent as Titcomb's tenant. In August, 1903, the United States Investment Company quitclaimed to William Wells. Wells then brought an action of ejectment against the three Millers, and judgment was rendered in his favor on May 6, 1904. Titcomb was not a party to the suit, had no notice of it, and did not participate in the defense. The judgment specifically states that the Millers claimed title under a tax deed, which was declared void and canceled, so that, so far as the record discloses, no right of Titcomb was litigated or adjudicated. The judgment against the Millers was not executed, and they continued in possession. On November 19, 1904, Wells deeded to the defendant, Ditlinger. On February 6, 1905, Ditlinger took judgment quieting his title against the United States Investment Company, but Titcomb and the Millers were not parties to the suit. As stated before, Titcomb deeded to the plaintiffs on February 7, 1905, and in August of the same year they brought the action which terminated in the judgment under review.

Findings of these facts were made which are assailed as unsupported by the evidence. The court has read the evidence, a part of which is in the form of depositions, and not only are the findings sufficiently supported to make them conclusive, according to the usual rule but they seem to be compelled by the evidence. Certain authorities are cited in the defendant's brief relating to the character and extent of proof necessary to establish a lost instrument, but the evidence satisfies them, and no doubt the trial court was guided by them.

It is said that certain documentary evidence was wrongfully admitted which induced the findings. Some of this proof was relevant and material, in that it contained statements by the president of the United States Investment Company denying ownership when according to Ditlinger's theory of the case title must have rested in that company. (*Kitchell v. Hodgen,* 78

Kan. 551.) It will be assumed that the immaterial and irrelevant portions of the proof were disregarded, the trial being by the court and not by jury. But if all the evidence assailed were eliminated the findings would still be amply supported.

It is argued that because George Miller took a tax deed of the land and then conveyed by a general warranty deed to the plaintiffs (his daughters) he could not have been a tenant under Titcomb. The conclusion does not of necessity follow; but, admitting that an inference of repudiation might be drawn, it is fully overcome by unequivocal proof that Titcomb was always recognized as landlord and that Miller paid rent to him, or his agent for him, up to the time he deeded to the plaintiffs.

It is said that Miller's possession must have been interrupted by Ditlinger, else the court could not have rendered judgment quieting title against the investment company. Neither the Millers nor Titcomb were parties to that action and no conclusions against their interests can be drawn from the judgment in that case. The evidence in this case is that Ditlinger has never been in possession.

The defendant seems to claim that the action of Wells against the Millers was one to quiet title and not one in ejectment, and hence it is concluded that Wells must have been in possession. The evidence is to the contrary and shows that Wells was not in possession, that he was awarded possession by the judgment, and that the issuance of a writ of assistance to obtain possession was made conditional upon the payment of the tax lien awarded the Millers upon the nullification of the tax deed under which they claimed.

The defendant insists that the judgment in favor of his grantor, Wells, and against the Millers, rendered in the ejectment suit, conclusively established title and right of possession in Wells, and hence that the present controversy brought on by the plaintiffs

has been adjudicated. The plaintiffs claim under a new title, acquired since the rendition of the judgment in favor of Wells, and not derived from or in succession to a party to his suit. They now hold, and claim under, Titcomb's title, and Titcomb's rights have not before been considered or determined. The situation of the plaintiffs is much like that of Kelson in the case of *McDonald v. Kelson,* 79 Kan. 105. Kelson held a tax deed and the legal possession of a tract of land. McDonald brought ejectment, and a judgment of ouster was rendered against Kelson which was not executed. Kelson then purchased the land at tax sale and extended his possession to full occupancy. This gave him a new, independent, paramount right, not adjudicated in the action of ejectment, upon which he could stand. In the opinion it was said:

"Of course, the adverse judgment in the ejectment action is binding upon the plaintiff and concludes him in respect to the title and possession ineffectually defended in that action; but under many circumstances there may be a title and possession entirely distinct and wholly disconnected from that involved in the ejectment action, so that there is in fact no privity between the holder and the defeated ejectment defendant. In such cases the judgment extends no further than the title and possession which the parties were able to litigate; and if a person claiming separate, paramount and undetermined rights enter pending the ejectment action a writ of possession may not be executed against him." (Page 109.)

Wells took nothing as against Titcomb by the quitclaim deed from the investment company. The investment company had already deeded to Titcomb. True, Titcomb's deed was not of record, but he was in possession by his tenant, Miller, which fact afforded notice to the world of his rights. Wells was charged with this notice when he took his quitclaim deed, and he could not strengthen his position by litigating with the tenant alone. None of Titcomb's rights could be af-

fected by legal proceedings to which he was not a party, of which he had no notice, and in which he did not participate. All of his rights, undiminished and unimpaired, were acquired by the plaintiffs after the judgment in favor of Wells had been rendered.

In volume 23 of the Cyclopedia of Law and Procedure, at page 1261, it is said, citing the American cases:

"In some states it is held that, where ejectment is brought against a tenant in possession, and he gives due and legal notice to his landlord, and the latter has an opportunity to come in and defend, the landlord is bound by the judgment against the tenant; but in others it is held that the lessor is not estopped or concluded by the judgment in a former action against his tenant, although he may have been notified and have even put his title in issue and defended it, unless he was made a party of record."

In this state there is no statute providing for notice to the landlord of suits against his tenant, and the doctrine that one not a party to a suit may be made privy to it, and so be concluded by the judgment rendered, by a merely private notification and an opportunity to defend has not met with favor. (*Park v. Ensign,* 66 Kan. 50, 54.) Under certain conditions, which are stated in the case last cited, one not a party to the record may be held to have submitted his interests for adjudication, and hence be bound by the judgment. But neither of these situations is presented in this case. We have here the naked question of the effect upon a landlord's title of a judgment in ejectment against his tenant. In the case of *Redden v. Tefft,* 48 Kan. 302, it was said:

"Second, Arthur I. Tefft, the son of Eli A. Tefft, was only holding the land, at the commencement of the action of June 2, 1885, under his father as a tenant. It does not appear that Eli A. Tefft was notified of the pendency of that action, or defended it. Not being a party thereto, he can not be bound by the judgment, or any proceeding therein. A landlord, without notice or

knowledge, can not be prejudiced in his title by his tenant's acts or defaults." (Page 306.)

True, the action referred to in that opinion was one of forcible entry and detainer, which by statute does not bar subsequent actions to recover the same land, but the language quoted states a second ground, outside of and beyond the statute, for holding that the landlord's rights are not affected by a judgment of ouster against his tenant. The reasons are that the landlord should have his own day in court; he is not in privity with his tenant, because he does not claim under or hold in succession to the tenant; and sound titles might be weakened or utterly destroyed by actions undefended or imperfectly defended by tenants, or by actions brought in collusion with tenants, which their landlords might successfully resist if duly impleaded and served with process.

Confining the decision to the facts of the present case, it may be said that a landlord who is not a party to, has no notice of, and does not defend, an action of ejectment prosecuted against his tenant is not bound by a judgment in the action adverse to the tenant. (24 A. & E. Encycl. of L. 749; 2 Underhill, Land. & Ten., p. 975, § 582.)

For the reasons already stated the judgment quieting Ditlinger's title against the investment company is no bar to the plaintiffs' suit.

When the Miller tax deed was set aside in the ejectment suit brought by Wells the Millers were given a lien for taxes, and Wells was required to satisfy this lien before he could obtain possession. The evidence is uncontradicted that Wells paid the required sum to the clerk of the district court, who in turn paid it to the plaintiffs. It was and is the duty of the landowner, whoever he may be, to pay these taxes. In equity the payment by Wells should operate as an assignment of the lien to him, and his deed to Ditlinger should operate as an assignment to Ditlinger. The

plaintiffs seek equitable relief and ought to do equity. (*Wagner v. Underhill,* 71 Kan. 637.) It seems this matter was not well presented to the district court, but upon the whole record it is clearly just that the relief granted the plaintiffs should be made conditional upon their reimbursing Ditlinger for the taxes referred to, and interest.

The cause is remanded for the modification of the judgment as suggested. With the modification, the judgment is affirmed. The costs in this court are divided.