J. THOMAS BALDWIN, *Appellant,* v. CHARLES E. GIBSON *et al.* (C. W. CARSON, *Appellee*).

No. 16,899.

SYLLABUS BY THE COURT.

MORTGAGE — *Foreclosure — Invalid Tax Deed — First Lien.* A mortgagee assigned the mortgage and guaranteed that he would pay the interest on the mortgage debt when due and the principal within a fixed time. He also purchased the mortgaged land at a tax sale and subsequently assigned the tax-sale certificate to another and upon this certificate an invalid tax deed was issued. After the guaranty had become barred by the statute of limitations the owner of the mortgage brought an action to foreclose it, making the holder of the invalid tax deed a defendant and asking that he set up his lien or claim and have it determined to be subordinate to the mortgage lien. *Held,* that, notwithstanding the guaranty, the mortgagee was not under any obligation to pay the taxes nor barred from purchasing the land at a tax sale, neither was his

assignee precluded from taking an assignment of the tax-sale certificate, and that as the holder of the invalid tax deed was invited into court to have the priorities of the mortgage and tax liens determined it was competent and proper for the court to adjudge that the holder of the invalid tax deed was entitled to a first lien for the taxes, interest and penalties.

Appeal from Clark district court. Opinion filed July 7, 1911. Affirmed.

*W. W. Harvey,* for the appellant; *H. J. Bone,* of counsel.

*Francis C. Price,* for the appellee.

The opinion of the court was delivered by

JOHNSTON, C. J.: This was an action by J. Thomas Baldwin to foreclose a mortgage executed in 1887 by James Rogers to the Lincoln Mortgage and Trust Company to secure payment of a note for $720. The mortgage and note were subsequently assigned to S. M. Disbrow, with a written guaranty of the payment of the interest coupons as they became due and of the collection of the principal within two years from the maturity of the note. Disbrow assigned them to Baldwin in July, 1907, who brought this action the following August, making Charles E. Gibson, the holder of the patent title, C. W. Carson, the holder of a tax deed, and Jay H. Willis, the holder of a recent tax deed, defendants. C. W. Carson answered, claiming the land under a tax deed executed on September 2, 1893, based on a sale made to the Lincoln Mortgage and Trust Company in 1889. He asked that in case the court should hold his tax deed to be invalid he should be awarded a first lien on the land for the taxes, interest and incidental charges. The court held the tax deed to be void, but decided that Carson was entitled to a lien for the taxes, interest and penalties, amounting to $308.46, and that it was prior and paramount to the Baldwin mortgage lien. Baldwin appeals, and his principal

contention is that Carson was not entitled to a tax lien. It is argued that because of the lapse of time since the void tax deed was recorded, he could not have brought an action thereon and recovered. Appellee is not the moving party, as was the plaintiff in error in the cited case of *Trust Co. v. Essex,* 74 Kan. 240, but was brought into court by appellant and invited to set up his lien and have the same adjudicated. In such a case not only all adverse liens may be determined, but also the question of paramount title. (*Bradley v. Parkhurst,* 20 Kan. 462; *Nooner v. Short,* 20 Kan. 624; *Broquet v. Warner,* 43 Kan. 48; *Loan Co. v. Marks,* 59 Kan. 230; *Commission Co. v. Haston,* 81 Kan. 656.)

So, although Carson might have been unable to have obtained possession of the land if he had brought ejectment, or recovered if he had asserted a lien in that or any other affirmative proceeding, yet he had a right, when brought in, to defend as against the patent title holder or any one seeking to foreclose a lien given by such owner. It is contended, however, that as the tax deed of Carson was based on a sale to the Lincoln Mortgage and Trust Company, and as that company had guaranteed the payment of the note and mortgage, the tax deed or lien could not be set up as against the mortgage lien. The trial court found, and presumably upon sufficient evidence, that the guaranty was barred by the statute of limitations, and, therefore, had no effect upon the rights of the parties at this time. Besides, the trust company was under no obligation to the state, or to any one else, to pay the taxes. While the mortgagee was authorized, under a provision of the mortgage, to pay the taxes in order to preserve his mortgage lien, he chose not to do so. Appellee is not attacking or seeking to destroy the mortgage lien, but is only making the equitable demand that he shall have a lien for the taxes paid, the nonpayment of which otherwise might have extinguished the mortgage lien. If the mortgagee had paid the taxes he

would have been entitled to enforce his claim or lien as against every one, and there does not appear to be any good reason why appellee, who paid the taxes and, in a way, protected the interests of the mortgagee, should be deprived of a lien for the taxes paid. A valid tax deed based on a sale for taxes would have extinguished the mortgage lien absolutely. The owner of the mortgage did not pay the taxes, as he might have done, for his own protection, and it does not appear inequitable that appellee, who discharged a claim of the state, should have a first lien for the taxes paid. He is asking no more. In *Cones v. Gibson,* 77 Kan. 425, the question involved here was considered, and it was held, in effect, that neither a mortgagee nor a guarantor of the payment of the mortgage debt was under any obligation to pay the taxes on the mortgaged land, and that the guarantor would not be guilty of fault if he failed to intervene and prevent a sale of the land to a stranger. It was said:

"The mortgagee's resources for the satisfaction of his debt would be diminished by the value of the land, but no blame could attach to the guarantor. Now, if after the mortgagee has suffered this loss the guarantor should, in good faith, buy the tax-sale certificate, what legal duty would he violate? What breach of good faith or good morals would he commit? And if he may take an assignment of the tax-sale certificate why may he not bid at the sale? The mortgagee, not being under any obligation to pay taxes, is guilty of no fault if the land go to tax sale. He may buy at the tax sale, cut off the title of his mortgagor and throw the entire burden of providing security for the debt upon the guarantor with perfect impunity, simply because he owes no duty to anybody to pay the taxes, and, consequently, in taking the tax title takes advantage of no default of his own. It is not even presumed that he purchases to protect his mortgage lien. (*Waterson v. Devoe,* 18 Kan. 223; *McLaughlin v. Acom,* 58 Kan. 514, 50 Pac. 441.) Why should that be reprehensible in the guarantor which is entirely virtuous in the mortgagee, when both occupy precisely the same relation to the

tax and neither is under any contract duty to the other respecting it?" (p. 430.)

Since the trust company was under no obligation to pay the taxes, its assignment of the tax-sale certificate to appellee was a legal transfer and clothed him with all the interest which it had. There was no agreement by the trust company to pay the taxes, and, of course, its assignee, the appellee, never assumed such an obligation either to the trust company or to the owner of the mortgage debt. If the trust company might have purchased at the tax sale, there is no reason why appellee could not legally take an assignment of the tax-sale certificate and insist upon a lien when the mortgagee brought him into court to have their respective rights—liens and priorities—determined. The owner, or any one claiming rights under the owner, should do equity before insisting on equitable relief, and it is no more than equitable to require him to pay the taxes, or, as in this instance, to give the holder of an invalid tax deed, who paid the taxes, a first lien upon the mortgaged land. (*Smith v. Smith,* 15 Kan. 290; *Wagner v. Underhill,* 71 Kan. 637; *Gibson v. Johnson,* 73 Kan. 261; *Miller v. Ditlinger,* 81 Kan. 9; *Capell v. Dill,* 82 Kan. 652; *McCoy v. Hickman,* post.)

As the cause was brought, the matter of possession by the tax-title holder, or whether he could, as plaintiff, have maintained an action for affirmative relief, are not material.

The judgment of the district court is affirmed.