No. 20,709.

C. W. DITMERS, *Appellee,* V. DARIUS ROGERS et al. (P. HURT, *Appellant*).

### SYLLABUS BY THE COURT.

1. TAX DEED—*Quantity of Land Not Shown—Deed Void.* The tax deed relied on by the defendant fails to show the quantity of land bid for by the purchaser as required by section 11452 of the General Statutes of 1915, and is therefore void.

2. SAME—*Holder of Void Tax Deed—Reimbursement.* The title, however, should not be quieted in the plaintiff without reimbursement to the tax-deed holder.

Appeal from Neosho district court; JAMES W. FINNEY, judge. Opinion filed March 10, 1917. Modified.

*H. P. Farrelly,* and *T. R. Evans,* both of Chanute, for the appellant.

*John J. Jones, James A. Allen, S. C. Brown,* and *W. E. Kiser,* all of Chanute, for the appellee.

The opinion of the court was delivered by

WEST, J.: In defense to plaintiff's suit to quiet title defendant Hurt set up two tax deeds. The second was by the court held void but the defendant was not given his taxes. He appeals. The deed dated September 4, 1915, is void for the reason that it does not show the quantity of the land bid for by the purchaser as the statute requires. (Gen. Stat. 1915, § 11452.) The recital is:

". . . having offered to pay the sum of one dollar and 99 cents, being the whole amount of taxes, interest and costs then due and remaining unpaid on said property, for . . . which was the least quantity bid for."

(See *McDonough v. Merten,* 53 Kan. 120, 35 Pac. 1117.)

No reason is apparent why the title should be quieted without making the defendant whole. The rule is to quiet on condition of reimbursement. (*Richards v. Cole,* 31 Kan. 205, 1 Pac. 647; *Wagner v. Underhill,* 71 Kan. 637, 81 Pac. 177; *Miller v. Ditlinger,* 81 Kan. 9, 105 Pac. 20: *Baldwin v. Gibson,*

85 Kan. 267, 116 Pac. 827; *Davidson v. Timmons*, 88 Kan. 553, 129 Pac. 133.) Other points presented need not be considered as the foregoing end the case.

· The judgment is modified by requiring an accounting to the defendant as indicated.