(December 31, 1921.)

HATTIE EATON, HATTIE EATON, Administratrix of the Estate of PRESSLEY EATON, Deceased, TRUMAN EATON, GLADYS EATON, CLAYTON EATON, Minors, by HATTIE EATON, Their Guardian, ad Litem, MAY THOMAS and OSCAR EATON, Appellants, **v.** E. A. McCARTY and M. E. McCARTY, His Wife; NEIL COVENTRY and VERNER COVENTRY, His Wife, Respondents.

[202 Pac. 603.]

ACTION TO QUIET TITLE—TAX TITLE—PURCHASE BY ONE WHO LATER BECOMES MORTGAGEE—TAX DEED—PRIMA FACIE EVIDENCE.

1. When one purchases property at a sale for delinquent taxes, the fact that he later takes a mortgage on it does not preclude him from relying on his tax title.

2. Under such circumstances the taxes paid are not part of the mortgage debt.

3. A tax deed is *prima facie* evidence of the validity of the assessment and levy of the tax, and must be overcome by one asserting the contrary.

APPEAL from the District Court of the Eighth Judicial District, for Kootenai County. Hon. Robert N. Dunn, Judge.

Action to quiet title to real estate. From a judgment for defendants, plaintiffs appeal. *Affirmed.*

J. Ward Arney, for Appellants.

Resort to tax title to divest the title of the mortgagors was unauthorized by the mortgage contract and the statute.

All payments made by the mortgagee for due and delinquent taxes should have been added to the debt secured by the mortgage and foreclosure should have been brought for the total sum. (*Shepard v. Vincent,* 38 Wash. 493, 80 Pac. 777; *Jones v. Black,* 18 Okl. 344, 11 Ann. Cas. 753, 88 Pac. 1052, 90 Pac. 422; *Maher v. Potter,* 60 Wash. 443, 111

Pac. 453; *Finch v. Noble,* 49 Wash. 578, 126 Am. St. 880, 96 Pac. 3; *Eck v. Swennumson,* 73 Iowa, 423, 5 Am. St. 690, 35 N. W. 503; *McLaughlin v. Green,* 48 Miss. 175; *First Nat. Bank v. McCarthy,* 18 S. D. 218, 100 N. W. 14; *Ross v. Frick Co.,* 73 Ark. 45, 83 S. W. 343; *Burchard v. Roberts,* 70 Wis. 111, 5 Am. St. 148, 35 N. W. 286.)

Tender is waived where the tenderee takes any position which would render a tender, so long as the position taken by him is maintained, a vain and idle ceremony. (*Bundy v. Wills,* 88 Neb. 554, Ann. Cas. 1912B, 900, 130 N. W. 273; *Piazzek v. Harman,* 79 Kan. 855, 98 Pac. 771; *Weinberg v. Naher,* 51 Wash. 591, 99 Pac. 736, 22 L. R. A., N. S., 956.)

Ezra R. Whitla, for Respondents.

There is no rule of law in any state requiring a mortgagee to pay taxes or prevent him from securing title by tax deed when the mortgagor's title is defective. (*Allen v. Dayton Hotel Co.,* 95 Tenn. 480, 32 S. W. 962; *McLaughlin v. Acom,* 58 Kan. 514, 50 Pac. 441; *Hood & Wheeler v. Clark,* 141 Ala. 397, 37 So. 550; *Moore v. Boagni,* 111 La. 490, 35 So. 716; Jones on Mortgages, 2d ed., par. 713.)

Unless there is a duty to the mortgagee to pay the taxes, he may acquire an outstanding tax title. (*Atkison v. Dixon,* 89 Mo. 464, 1 S. W. 13; *Reimer v. Newel,* 47 Minn. 237, 49 N. W. 865; *Baldwin v. Gibson,* 85 Kan. 267, 116 Pac. 827; *Waterson v. Devoe,* 18 Kan. 223; *Morrison v. Hampton's Admr.,* 20 Ky. Law Rep. 1573, 49 S. W. 781; *Davis v. Barton,* 130 Ind. 399, 30 N. E. 512; *Price v. Salisbury,* 41 Okl. 416, 138 Pac. 1024, L. R. A. 1917D, 520; *Jones v. Black,* 18 Okl. 344, 11 Ann. Cas. 753, 88 Pac. 1052, 90 Pac. 422.)

Mortgagee cannot quiet title without paying or tendering the taxes. (*Brandt v. Thompson,* 91 Cal. 458, 27 Pac. 763; *Shaner v. Rathdrum State Bank,* 29 Ida. 576, 161 Pac. 90; *Dawson v. Overmyer,* 141 Ind. 438, 40 N. E. 1065; *Montgomery v. Trumbo,* 126 Ind. 331, 26 N. E. 54; *Gibson v. Johnson,* 73 Kan. 261, 84 Pac. 982.)

"The tax deed is *prima facie* evidence that the tax was levied and assessed as required by law." (*Davis v. Pacific Imp. Co.*, 7 Cal. App. 452, 94 Pac. 595.)

"The tax deed has the effect of showing compliance of all requirements of law putting the burden on him who would show otherwise to prove the same." (*Best v. Wolford*, 153 Cal. 17, 94 Pac. 98; *Rollins v. Wright*, 93 Cal. 395, 29 Pac. 58; *Davis v. Pacific Imp. Co., supra.*)

The execution of the deed was *prima facie* evidence of all proceedings. (*Wilson v. Locke*, 18 Ida. 582, 111 Pac. 247; *Stewart v. White*, 19 Ida. 60, 112 Pac. 677; *McGowan v. Elder*, 19 Ida. 153, 113 Pac. 102; *White Pine Mfg. Co. v. Morey*, 19 Ida. 49, 112 Pac. 674.)

McCARTHY, J.—This is an action to quiet title to certain land in Kootenai county, instituted by appellant Hattie Eaton, *per se*, and as administratrix of the estate of Pressley Eaton, deceased, and guardian of her minor children, Truman Eaton, Gladys Eaton, and Clayton Eaton, and by appellants May Thomas and Oscar Eaton, *sui juris*. The property in controversy was the homestead of Pressley Eaton and appellant Hattie Eaton, his wife. In 1904 he died leaving as his heirs appellant Hattie Eaton and his children, the other appellants. Appellant Hattie Eaton was appointed administratrix of his estate. In 1908 she married Horace Roy, from whom she was divorced the same year. The taxes for 1910 upon said property were not paid. In July 13, 1911, tax certificates, based upon the delinquent 1910 taxes, were issued to Kootenai county and sold on Aug. 29, 1911, to respondent E. A. McCarty. They were assigned by him to respondent M. E. McCarty. On September 6, 1911, appellant Hattie Eaton, under the name of Hattie Roy, mortgaged the premises to respondent M. E. McCarty to secure a note in the sum of $175. The mortgage provided:

"If the said Hattie Roy, her heirs, executors or administrators shall well and truly pay, or cause to be paid, to the said party of the second part, her heirs, executors or assigns the sum of One Hundred and Seventy-five & 80/100

Dollars according to the conditions of One Promissory Note executed by Hattie Roy bearing even date herewith, and also to pay all taxes which are now or may be hereafter assessed on said premises as they shall become due, then this deed to be void. But if default shall be made in the payment of the said sum of money, or the interest, or the taxes, or any part thereof, at the time and in the manner hereinbefore specified for the payment thereof, the said party of the second part, her heirs, executors, administrators and assigns, are hereby authorized and empowered to sell the hereby granted premises, and convey the same to the purchaser, agreeable to the statutes in such case made and provided, and out of the moneys arising from such sale to retain the principal and interest which shall then be due on said note and all taxes upon said lands, together with all charges, disbursements, and Twenty-five Dollars, attorney's fees, and pay the overplus, if any, to the said party of the first part, her heirs, executors, administrators or assigns.

"And the said Hattie Roy does further covenant and agree to and with the said party of the second part,—heirs, executors, administrators or assigns, to pay, or cause to be paid, the sum of money above specified, at the time and in the manner above mentioned, together with all charges and disbursements, and the said Twenty-five Dollars, attorney's fees, if any there shall be. And if default be made by the party of the first part, in any of the foregoing provisions, it shall be lawful for the party of the second part, her heirs, executors, administrators or assigns, or her attorney, to declare the whole sum above specified to be due."

The taxes represented by the tax certificate were not paid and in 1916 respondent M. E. McCarty, after giving notice to appellants of her intention to apply for a tax deed, took a tax deed to the property and sold the same to appellant Neil Coventry. Respondents E. A. McCarty and M. E. McCarty were, at all times covered by the transactions in question, husband and wife. Appellants brought this

action to quiet title. From a judgment for respondent this appeal is taken.

There are many assignments of error, but all the material points can be passed upon in the consideration of the one assignment that the court erred in entering judgment for respondents.

Of the several points raised by appellants it is necessary to pass on only two. The first is that, since the relation of mortgagor and mortgagee existed between appellant Hattie Eaton and respondent M. E. McCarty, the latter had no right to rely on the tax title, but should have included the taxes in the mortgage debt and recovered on foreclosure. C. S., sec. 6949, provides: "6949. There can be but one action for the recovery of any debt or the enforcement of any right secured by mortgage upon real estate or personal property, which action must be in accordance with the provisions of this chapter."

The action provided for is one in foreclosure. It is held in some jurisdictions that a mortgagee cannot acquire and assert a tax title against his mortgagor. The reason for such decision is summed up by Cooley on Taxation as follows:

"The tax being one that purposely is made to override the lien of the one as well as the title of the other, it might well, as it seems to us, be held that neither mortgagor nor mortgagee was at liberty to neglect the payment, as one step in bettering his condition at the expense of the other, but that the presumption of law should be that the party purchasing did so for the protection of his own interest merely. And so, in general, are the authorities." (2 Cooley on Taxation, 3d ed., p. 970.)

It is held, however, that this rule does not obtain where the taxes become delinquent and the property is bought at tax sale before the mortgage is given and the relation of mortgagor and mortgagee arises. (*Allen v. Dayton Hotel Co.*, 95 Tenn. 480, 32 S. W. 962; *McLaughlin v. Acom*, 58 Kan. 514, 50 Pac. 441.) In the present case the taxes were for 1910. They were assessed, became delinquent, the prop-

erty was sold at tax sale, and the tax certificates were purchased before the mortgage was given. Respondent M. E. McCarty certainly owed appellants no duty to pay the taxes at the time they were paid and the tax certificates were bought. As for the suggested application of C. S., sec. 949, the question is—were these taxes secured by the mortgage? Clearly they were not. The mortgage gave respondent M. E. McCarty the right to pay any taxes assessed and unpaid after it was executed and to include the amount in the mortgage debt. The taxes in question were paid, not under the mortgage, or by the mortgagee, but before the relation of mortgagor and mortgagee existed. The amount so paid was not secured by the mortgage and could not be included in the mortgage debt. We conclude that the respondents had a right to stand upon the tax title.

The second question is—was the tax a valid one? R. C., sec. 1644, which was in effect in 1910, provided that the property of resident widows and orphan children is exempt from taxation not to exceed the amount of $1,000 to any one family, when their total assessment is less than $5,000. It is not shown that appellants gave any notice of a claim of exemption. They contend that, since the statute did not require any notice of such a claim, none was necessary. For the purpose of this case we will assume, without expressly deciding the point, that such notice was not necessary. The appellant Hattie Eaton, after the death of her first husband Pressley Eaton, had married Horace Roy and been divorced from him. That was her status at the time of the assessment. A widow is a woman who has lost her husband by death and has not married again. (Webster's New International Dictionary; Black's Law Dictionary, p. 1241.) She was not a widow in 1910. The children had lost their father by death, but their mother was living. An orphan is a child bereaved by death of both father and mother, or, less commonly, of either parent. (Webster's New International Dictionary.) In some judicial decisions the above definition is accepted. (*Heiss, Exr., etc., v. Murphy,* 40 Wis. 276, at 291; *Beardsley, Exr., v. Selectmen of Bridge-*

*port,* 53 Conn. 489, 55 Am. Rep. 152, 3 Atl. 557.)  In others
the word is defined to mean a child who has lost both parents
or its father.  (*Friesner v. Symonds,* 46 N. J. Eq. 521, 20
Atl. 257; *Soohan v. City of Philadelphia,* 33 Pa. St. 9, at
32; 29 Cyc. 1531.)  Considering the purpose of the statute
and the language used, the expression "resident orphans"
must mean minors.  Only one of the appellants, Clayton
Eaton, was a minor when the 1910 taxes were assessed.
Under any of the above definitions he was an orphan at
that time.  The assessment in 1910 and the sale in 1911
were governed by the provisions of the Revised Codes of
1907.  The issuance of the tax deed in 1916 was governed
by the provisions of chapter 8 of the Extraordinary Session
of 1912; see sec. 28 thereof.  Sec. 1764, R. C., providing that
a tax deed is *prima facie* evidence that the property was
assessed as required by law, and the taxes were levied in
accordance with law, was still in effect, as to the deed
based upon the delinquent taxes of 1910; see sec. 28 of the
1912 law, *supra,* and sec. 213 of chapter 58 of the Session
Laws of 1913.  Therefore the tax deed issued in 1916 is
*prima facie* evidence that the taxes were assessed and levied
in accordance with law.  The assessment-roll was not intro-
duced in evidence.  There is nothing in the tax certificate,
tax deed, or any other evidence introduced, to show that,
if appellant Clayton Eaton was entitled to an exemption
as an orphan, he was not granted it.  There is nothing in
the evidence to show  that he was in 1910 a resident within
the meaning of the statute.  Appellants did not overcome
the *prima facie* case made out by the tax deed.  We con-
clude that the assessment and tax deed were valid.

In view of the conclusions we have reached on the ques-
tions above discussed, it is unnecessary to mention other
points argued in the briefs and on the hearing.  The judg-
ment is affirmed, with costs to respondents.

Rice, C. J., and Budge and Lee, JJ., concur.

Dunn, J., being disqualified, did not sit at the hearing
and took no part in this decision.